UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIKE, INC. and CONVERSE INC.,                      :

                    Plaintiffs,                      :

           v.                                        :

WWW.PERFECTKICKS.ME a/k/a                          :
YUFANG1990789@163.COM; HUANGJINHUANG,              :
WANG ZIYUE; HK HAOYUNTONG TRADE CO. LTD.;          :
TONY XIONG; DEHUA LIU; WWW.FYYSPORTS.CO            :
a/k/a CHENLIKEJIY; CHEN NVSHI; XIAOCHAI CHEN;      :
CHEN HONGYUN; JUSAN QIAO;                          :
WWW.AIRJORDAN1OG.COM a/k/a HONGBIN LI;             :
KAREL STEHNO; ACO MARINE S.R.O.; CRISTIANO         :
SAGESE; SUYU JULIO; YUAN JING CAI; CARLOTTA        :
MURRAH; HK WEIGEHUANG TRADE CO. LTD.;              :
CHEN TING; ARYATA SOLUTIONS; JULIAN                :
VAZQUEZ; NINGUNA; YONG AN PAN; ZHANG               :    2021 Civ. ____
XIAO MING; BOB WALLACE; JOHN DUNPHY; XU            :
JIN JIAN; CHENG KEVIN; RICCARDO ROMAGNOLI;         :    **COMPLAINT**
HANIN LARSSON; NAJMA BERGQVIST; CHEN LEI;          :
DARRYL JOHNSON; ALFID VAN ARISTA;                  :
LINDGREN OBEIRG; DANIEL BROWN; TAO CHENG;          :
ESSIE HUNT; SVENSSON HELLSTROM; XUE LIN;           :
HUIZHOU HUANGYUAN TRADING CO., LTD.;               :
SOFKA JESSICA; XIOAOLIU YANG; JAMES                :
CLEARY; AMIN POCHI; GORDON EMY; LUXURY             :
BRAND HOLDINGS, INC.; JUDY KELLY; OLGA             :
LOFGRENT; QUARTILLA CASTIGLIONE; SHI MA            :
GUAN; BIN PENG; JIAN CHAO MAO; CHENG               :
ZHANG; SHI HUA ZHANG; PRAMOD JAYLE; FAN            :
YU; BJORK MELIKSSA; HOLLY MORIN; JOSEPH            :
RICHARDSON; MATEO AMARAL; CALVIN                   :
VILLANI; WWW.FITMYSOLE.COM a/k/a                    :
LIANGHAIJUN; GUEIJUAN XU;                          :
WWW.ANPKICKZ.COM a/k/a RMB RAIN INC;               :
WWW.FOOTSKICKS.CO a/k/a MRFASHION666;              :

FENGQING WU; YUANQING GUO; SUNLIFE :
ELECTRICAL CONTRACTING LLG; QIN XUELU; :
WWW.BRANDSNEAKERTWINS.COM a/k/a :
343187552@QQ.COM; RUBY WANG; HK BAIRUN :
TRADE CO. LTD.; WWW.JDFOOT.COM a/k/a :
HELLOALLTOP a/k/a Jessi966; JACKY JI; LBEX :
GLOBAL LOGISTICS; RUIMEI QIU; LORRIN LUO; :
WWW.NIKECRAZE.COM a/k/a SOPHORN CHHAY; :
HK MAIYUNTONG TRADE CO. LTD.; :
WWW.CHEAPINUS.COM a/k/a SS*newbeecomshop; :
ZHU YAN; GUANGUIWANG; GAO QIN LONG; YANG :
YANG; YUE MIN LIU; WWW.KD11SALE.COM a/k/a :
GLGHVCA; Succe Olive; Ludwig Rhys; :
WWW.WITHSNEAKER.COM a/k/a CCS8845; :
FRANKLYN UGOLINI; XIANG DAO XIN XI JI SHU :
YOU XIANG GONG SI; WWW.OMGKICKZ.COM a/k/a :
OMG KICKZ a/k/a Xuwei Lin; WWW.UASHOE.COM :
a/k/a OMG KICKZ a/k/a Xuwei Lin; QUNYING CHEN; :
HK GEMAIKANG TRADE CO. LTD.; SHUANG XU; :
BIYUN HUANG; WWW.UAPLG.COM a/k/a :
XENDIT*UAPLG; HK XUTAIMAI TRADE CO. LTD; :
SCOTT CUTLER; WWW.UNHS.NET a/k/a Yunxiang :
Fan; DAI BING; WWW.OW-FACTORY.RU a/k/a :
LIANGUMEITPR@YEAH.NET; WEIQIN YU; YCS :
BONNIE LI; PAOLUO E COMMERCE COMPANY; :
WWW.GMKIM.CO.UA a/k/a :
GMKIM@FOXMAIL.COM; ZHANGJIAN; HK :
BAOZHOU TRADE CO LTD.; :
WWW.SNEAKERWILL.COM a/k/a Yang Jianxin; YUN :
KUANG SE NIU TRADE CO LTD.; :
WWW.JORDANS2019SHOES.COM a/k/a :
EPL*CNHLONFI LTD; MINGLIANG LUO; :
WWW.VOGUEWHO.COM a/k/a CHENDONGSONG; :
CHENHOUSHAN; HUAHUAI YIHETANG GUIHAI :
TRADING CO.; WWW.ONKICKS.COM a/k/a :
ENJOYBUY@LIVE.COM; ANNE SEN; AUSTIN LAN; :
WWW.SNKES.ORG a/k/a 198363048@QQ.COM; CHEN :
LI; GUEIJUAN XU; WWW.OUTLETSFIRE.COM a/k/a :
HUAYIMEI; KAREN WALTERS; ROBERT SLAY; :
WWW.SNEAKERAHEAD.ORG a/k/a :

XL77889@126.COM; DAVID JONES;     :
WWW.XKSHOES.COM a/k/a Lin Zhimin; JONNY FLY;   :
HK HAOLINGJIN TRADE CO. LTD;     :
WWW.NIKEFACTORYS.US a/k/a GUOPING QI;   :
SHEILA VEGA; HENRY GONZALES; ROY JIMENEZ;   :
JOCELYN MCKINNEY; ROBERT VASQUEZ;    :
GERALDINE MCCANN; NA SHEN YI ZHE TRADE   :
CO. LTD.; EILEEN HOLLINGSWORTH; SCOTT    :
PAMELA; RACHEL ALBRECHT; MICHAEL     :
HARRISON; MAURICE HENRY; OLIVER SMITH;    :
WWW.MUKS-STORE.COM a/k/a       :
514643810@QQ.COM; WWW.REPSNEAKERS.ORG   :
a/k/a Rep Sneakers; ZHI GAO LU; HUANHUAN LU;   :
WWW.KICKZE.COM a/k/a        :
TASCHNERPX2@GMAIL.COM; MEIZHU FANG;    :
XIONG MENG; LIYING ZHU; KENNY LEE; GOLDEN   :
BRIDGE E-COMMERCE LTD.; HIKING ELECTRONIC   :
TRADING LLC C/O DTDC DAFZ;      :
WWW.HYPEREPS.COM a/k/a Ahmeel Fowler;    :
ZHANGJUN; WWW.ARTEMISSELECTKICK.COM    :
a/k/a SHIXUNDO@SINA.COM; REN YUYI; QIU    :
XIANGPING; LIN SHAO BI; LIAN LI;     :
WWW.MYBESTSNEAKERS.COM a/k/a Xu Dongmei;   :
WWW.MONICASNEAKER.VIP a/k/a Gao Lingfeng;   :
HUANG QUANSHAN; WWW.CHANSNEAKERS.COM   :
a/k/a LHY090121@163.COM; AIDUK TRD CL LTD.;   :
JACKIE CHAN; WWW.PERFECTKICKS.ORG a/k/a   :
luxurystyle; WWW.UABAT.COM a/k/a      :
FINANCE@UABAT.COM a/k/a HERO MEDIA CO.,   :
LIMITED; WWW.BOOLOPO.COM a/k/a     :
SUPPORT@BOOLOPO.COM; DUZIE YAYA ZHENG   :
TRADING CO.; WWW.SOLESHOP.ME a/k/a    :
123729466@QQ.COM; QICHUANG JOHN; ZHIFU   :
DUZIE JIUSHI TRADING CO.;      :
WWW.WONDERKICKS.COM a/k/a Haiyue Wen;    :
WWW.G5TONY.NET a/k/a Zhang Yaodan; ZHANG XU;   :
WWW.GOALJERSEYS.CO a/k/a Guangying a/k/a   :
WWW.ONESTEV.COM; GAOWEIJIA; JACK MA; HK   :
WENMO TRADE CO. LTD.; WWW.MACSEVEN.NET   :
a/k/a SEVEN; GUN MENG NA DAN TRADE CO. LTD.;   :

CAOQUN WU; ABC COMPANIES 1-100 and JOHN             :
Does 1-100,                                                              :
                                                                            :
                        Defendants.                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Nike, Inc. ("**Nike**") and Converse Inc. ("**Converse**" and together with Nike,

"**Plaintiffs**") for their complaint against Defendants www.perfectkicks.me a/k/a

yufang1990789@163.com; Huangjinhuang; wang ziyue; HK Haoyuntong Trade Co. Ltd.; Tony

Xiong; dehua liu; www.fyysports.co a/k/a CHENLIKEJIY; chen nvshi; xiaochai chen; Chen

Hongyun; Jusan Qiao; www.airjordan1og.com a/k/a HONGBIN LI; Karel Stehno; ACO Marine

s.r.o.; CRISTIANO SAGESE; Suyu Julio; Yuan Jing Cai; Carlotta Murrah; HK Weigehuang

Trade Co. Ltd.; chen ting; Aryata Solutions; Julian Vazquez; Ninguna; Yong An Pan; zhang xiao

ming; Bob Wallace; John Dunphy; Xu Jin Jian; Cheng Kevin; Riccardo Romagnoli; Hanin

Larsson; Najma Bergqvist; Chen Lei; Darryl Johnson; Alfid van Arista; Lindgren Obeirg; Daniel

Brown; Tao Cheng; essie hunt; Svensson Hellstrom; Xue Lin; Huizhou Huangyuan Trading Co.,

Ltd.; Sofka Jessica; xioaoliu yang; JAMES CLEARY; Amin Pochi; gordon emy; Luxury Brand

Holdings, Inc.; Judy Kelly; Olga Lofgrent; Quartilla Castiglione; Shi Ma Guan; Bin Peng; Jian

Chao Mao; Cheng Zhang; Shi Hua Zhang; pramod jayle; Fan Yu; Bjork Melikssa; Holly Morin;

Joseph Richardson; Mateo Amaral; Calvin Villani; www.fitmysole.com a/k/a LIANGHAIJUN;

Haijun Liang; gueijuan xu; www.anpkickz.com a/k/a Rmb Rain Inc; www.footskicks.co a/k/a

MRFASHION666; Fengqing Wu; YuanQing Guo; Sunlife Electrical Contracting LLG; qin

xuelu; www.brandsneakertwins.com a/k/a 343187552@qq.com;  Ruby Wang; HK Bairun Trade

Co. Ltd.; www.jdfoot.com a/k/a HELLOALLTOP a/k/a Jessi966; Jacky Ji; LBEX Global

Logistics; Ruimei Qiu; Lorrin Luo; www.nikecraze.com a/k/a SOPHORN CHHAY; HK

Maiyuntong Trade Co. Ltd.; www.cheapinus.com a/k/a SS*newbeecomshop; Zhu yan;

Guanguiwang; Gao qin long; yang yang; yue min liu; www.kd11sale.com a/k/a GLGHVCA; Succe Olive; Ludwig Rhys; www.withsneaker.com a/k/a CCS8845; Franklyn Ugolini; xiang dao xin xi ji shu you xiang gong si; www.omgkickz.com a/k/a OMG KICKZ a/k/a Xuwei Lin; www.uashoe.com a/k/a OMG KICKZ a/k/a Xuwei Lin; Qunying Chen; HK Gemaikang Trade Co. Ltd.; Shuang Xu; Biyun Huang; www.uaplg.com a/k/a XENDIT*UAPLG; HK Xutaimai Trade Co. Ltd.; Scott Cutler; www.unhs.net a/k/a Yunxiang Fan; Dai Bing; www.ow-factory.ru a/k/a liangumeitpr@yeah.net; Weiqin Yu; YCS Bonnie Li; Paoluo E Commerce Company; www.gmkim.co.ua a/k/a gmkim@foxmail.com; zhangjian; HK Baozhou Trade Co Ltd.; www.sneakerwill.com a/k/a Yang Jianxin; Yun Kuang Se Niu Trade Co Ltd.; www.jordans2019shoes.com a/k/a EPL*CNHLONFI LTD; MingLiang Luo; www.voguewho.com a/k/a CHENDONGSONG; Chenhoushan; Huahuai Yihetang Guihai Trading Co.; www.onkicks.com a/k/a enjoybuy@live.com; Anne Sen; Austin Lan; www.snkes.org a/k/a 198363048@qq.com; chen li; gueijuan xu; www.outletsfire.com a/k/a dgnettc; Huayimei; Karen Walters; Robert Slay; www.sneakerahead.org a/k/a xl77889@126.com; David Jones; www.xkshoes.com a/k/a Lin Zhimin; Jonny Fly; HK Haolingjin Trade Co. Ltd.; www.nikefactorys.us a/k/a GUOPING QI; Sheila Vega; Henry Gonzales; Roy Jimenez; Jocelyn McKinney; Robert Vasquez; Geraldine McCann; NA Shen Yi Zhe Trade Co. Ltd.; Eileen Hollingsworth; Scott Pamela; Rachel Albrecht; Michael Harrison; Maurice Henry; Oliver Smith; www.muks-store.com a/k/a 514643810@qq.com; www.repsneakers.org a/k/a Rep Sneakers; zhi gao lu; Huanhuan Lu; www.kickze.com a/k/a taschnerpx2@gmail.com; Meizhu Fang; Xiong Meng; Liying Zhu; Kenny Lee; Golden Bridge E-Commerce Ltd.; Hiking Electronic Trading LLC c/o DTDC DAFZA; www.hypereps.com a/k/a Ahmeel Fowler; Zhangjun; www.artemisselectkick.com a/k/a shixundo@sina.com; ren

yuyi; qiu xiangping; lin shao bi; lian li; www.mybestsneakers.com a/k/a Xu Dongmei;

www.monicasneaker.vip a/k/a Gao Lingfeng; huang quanshan; www.chansneakers.com a/k/a

lhy090121@163.com; Aiduk Trd Cl Ltd.; Jackie Chan; www.perfectkicks.org a/k/a luxurystyle;

www.uabat.com a/k/a finance@uabat.com a/k/a hu@heromedialtd.com; Hero Media Co.,

Limited; www.boolopo.com a/k/a support@boolopo.com; Duzie Yaya Zheng Trading Co.;

www.soleshop.me a/k/a 123729466@qq.com; Qichuang John; Zhifu Duzie Jiushi Trading Co.;

www.wonderkicks.com a/k/a Haiyue Wen; www.g5tony.net a/k/a Zhang Yaodan; Zhang Xu;

www.goaljerseys.co a/k/a Guangying; gaoweijia; Jack Ma; HK Wenmo Trade Co. Ltd.;

www.macseven.net a/k/a SEVEN; Gun Meng Na Dan Trade Co. Ltd.; Caoqun Wu; along with

the list of websites, social media accounts, email addresses, alias names, including any Chinese

character alias names, and entities identified as members of the 42 networks of defendants as set

forth in Exhibit 1; ABC Companies 1-100; and John Does 1-100 (collectively, "**Defendants**"),

allege as follows:

## NATURE OF THE ACTION

1.     This is an action for preliminary and permanent injunctive relief and damages

associated with the Defendants' intentional, unauthorized and unlawful use of Plaintiffs'

valuable trademarks in connection with Defendants' sale and advertisement of counterfeit goods

through at least 589 websites (the "**Infringing Websites**") and other online platforms, such as

social media accounts (the "**Infringing Social Media**," and together the "**Infringing**

**Platforms**").

2.     Consumers instantly recognize the various trademarks used to identify the goods

merchandised or manufactured by Nike and Converse (collectively, the "**Plaintiff's Marks**").

Over the years, millions of consumers have been exposed to the famous, arbitrary and fanciful

trademarks utilized by Nike and Converse through various platforms, including Plaintiffs'
extensive advertising campaigns, through magazines and other periodicals, as depicted on
television and in motion pictures, on the Internet, through social media, in celebrity
endorsements, and in other forms of unsolicited media coverage.  As a result, Plaintiffs'
respective trademarks have both deep, widespread exposure and recognition in the marketplace.
Plaintiffs' Marks are among the most widely recognized trademarks in the United States and
around the world, as well as among the most popular with consumers.  The fame and popularity
of Plaintiffs' Marks adds enormous value to the authentic products that bear Plaintiffs' Marks
("**Plaintiffs' Products**" and, separately, "**Nike Products**" and "**Converse Products**").

    3.      The Defendants, who have no affiliation with Nike or Converse, have attempted
to capitalize on the popularity of Plaintiffs' Marks by manufacturing and marketing counterfeit
products falsely labeled as "Nike" or "Converse" (the "**Counterfeit Products**").  The
Defendants in this action operate hundreds of websites through multiple counterfeiting networks
(the "**Networks**") of websites and other online presences.  Plaintiffs have identified 589
Infringing Websites, which are operated through 42 counterfeiting Networks (identified below
and in Exhibit 1 as Networks 1 – 42).  Each of Defendants' 589 Infringing Websites, as set forth
in Exhibit 2, and as identified in Exhibit 1, is currently, or was within the past twelve months,
advertising, offering to sell, and/or selling counterfeit Nike or Converse products to United
States consumers.  As reflected in Exhibit 5, Plaintiffs have identified 676 Infringing Social
Media handles associated with Defendants, each of which is currently, or was within the past
twelve months, advertising, offering to sell, and/or selling counterfeit Nike or Converse products
to United States consumers or directing United States consumers to Defendants' related
Infringing Websites.

4.     To ensure that consumers make the association between Defendants' Counterfeit Products and the genuine Nike Products from which they were copied, Defendants not only copy the designs, patterns and color schemes associated with Plaintiffs' Products, but also expressly identify the Counterfeit Products as "Nike" or "Converse" products.  Further, Defendants make unauthorized use of Plaintiffs' Marks, including the trademark-protected "Nike" and "Converse" names, throughout the Infringing Websites and Infringing Social Media on which these goods are advertised or offered for sale to consumers in the United States and this District.

5.     In an effort to further confuse consumers, in some instances, Defendants have registered and located their Infringing Websites at domain names that are identical to or substantially similar to Plaintiffs' Marks (the "**Infringing Domain Names**").  Of the 589 Infringing Websites that Plaintiffs have identified thus far, 133 of these websites are located at Infringing Domain Names.  The Infringing Domain Names detected to date are reflected in the attached Exhibit 3.

6.     Defendants have marketed, advertised, manufactured and sold their Counterfeit Products without Plaintiffs' permission, authorization, or approval.  Defendants' conduct is likely to cause, and has caused, consumers mistakenly to believe that the Counterfeit Products sold and promoted by Defendants either are authentic Nike or Converse Products, are produced by Defendants under a license agreement, joint venture, or other form of authorization by Plaintiffs, or are otherwise endorsed by, authorized by, or affiliated with Plaintiffs, either at the point of sale, by the recipient of a gift, or when consumers and potential consumers see the Counterfeit Products in use.

7.     For these and other reasons, Defendants have caused and, unless enjoined, will continue to cause, irreparable harm to Plaintiffs, and an incalculable loss of goodwill and damages.

## PARTIES

### Plaintiffs

8.     Plaintiff Nike, Inc. is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005-6453.  Nike is registered to do business in the State of New York, operates its "House of Innovation 000" on the corner of Fifth Avenue and 52nd Street in Manhattan and maintains multiple stores in New York, offers its products for sale to consumers based in New York, and is the owner of the Nike trademarks at issue in this action.

9.     Plaintiff Converse Inc. is a Delaware corporation with its principal place of business at One High Street, North Andover, Massachusetts 01845-2601.  Converse is registered to do business in the State of New York, operates a flagship store on Broadway in New York City's SOHO neighborhood and maintains multiple stores in New York, offers its products for sale to consumers based in New York, and is the owner of the Converse trademarks at issue in this action.  Converse is a wholly owned subsidiary of Nike, Inc.

### Defendants

10.     Upon information and belief, Defendants are individuals and entities, both known and unknown, who are members of various Networks of international counterfeiters, all of whom sell Counterfeit Products which infringe Plaintiffs' Marks.

11.     Defendants have used tactics to conceal their true identities and the full scope of their counterfeiting operations, making it impossible for Plaintiffs to learn Defendants' true identities and the exact interworking of their counterfeit Networks.  If Defendants provide

additional credible information regarding their identities, Plaintiffs will take appropriate steps to amend this Complaint.

12.     Upon information and belief, Defendants reside and/or operate their illicit counterfeiting scheme in the People's Republic of China, Saudi Arabia, Bahrain, and other foreign jurisdictions.

**Network 1 Defendants**

13.     Upon information and belief, Network 1 consists of 67 Infringing Websites, 10 known Defendant aliases, 129 email addresses, and 319 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 1 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 1."

14.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 1.

15.     In order to uncover identifying information of the Network 1 Defendants, on October 10, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low Russet Cedar sneakers, from the website www.perfectkicks.me, which is part of Network 1.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

16.     Upon information and belief, the Defendant doing business as Infringing Website www.perfectkicks.me, and through the email address yufang1990789@163.com and the Infringing Social Media accounts lovepkgod (Instagram), pkgodhoney (Instagram), 2008pk (Instagram), pkgodmyhoney (Instagram), pkwithyou (Instagram), pkkim2008 (Instagram), ppkk2008 (Instagram), pkfrom2008 (Instagram), pkloveyou2008 (Instagram), babykim2008 (Instagram), pkvipkim (Wechat), and 8615960533658 (Whatsapp), is part of Network 1 and is an individual or entity whose true identity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.perfectkicks.me has acted in conjunction with all the Network 1 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

17.     Upon information and belief, the Network 1 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the Uniform Resource Locators ("**URLs**") as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 1."

18.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 1 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 1."

**Network 2 Defendants**

19.     Upon information and belief, Network 2 consists of 18 Infringing Websites, 6 known Defendant aliases, 7 email addresses, and 5 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 2 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 2."

20.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 2.

21.     In order to uncover identifying information of the Network 2 Defendants, on July 13, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Max 270 React Running Shoes in Black/Green, from the website www.fyysports.co, which is part of Network 2.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

22.     Upon information and belief, the Defendant doing business as merchant account CHENLIKEJIY, Infringing Website www.fyysports.co, and through the email address zchenshuo@gmail.com and the Infringing Social Media accounts 8613538227221 (Whatsapp), 8613538227221 (Wechat), and fyysports (Facebook), is part of Network 2 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.fyysports.co has acted in conjunction with all the Network 2 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

23.     Upon information and belief, the Network 2 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 2."

24.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 2 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 2."

**Network 3 Defendants**

25.     Upon information and belief, Network 3 consists of 200 Infringing Websites, 69 known Defendant aliases, 105 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 3 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 3."

26.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 3.

27.     In order to uncover identifying information of the Network 3 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Jordan 1 Retro Low Slip Black Toe Sneakers, from the website www.airjordan1og.com, which is part of Network 3.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

28.     On November 26, 2020, Plaintiffs' investigator purchased a second Counterfeit Product, a pair of Nike Shox Gravity "metallic Gold" Women's Sneakers, from the website www.nikepopular.com, which is a part of Network 3.  Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination of the website, Plaintiffs have verified that the website www.nikepopular.com is selling Counterfeit Products.

29.     Upon information and belief, the Defendant doing business as merchant account HONGBIN LI, Infringing Website www.airjordan1og.com, and through the email address viptrade96@hotmail.com, is part of Network 3 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.airjordan1og.com has acted in conjunction with all the Network 3 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

30.     Upon information and belief, the Network 3 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 3."

31.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 3 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 3."

**Network 4 Defendants**

32.     Upon information and belief, Network 4 consists of 9 Infringing Websites, 4 known Defendant aliases, 5 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 4 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 4."

33.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 4.

34.     In order to uncover identifying information of the Network 4 Defendants, on July 13, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Women's Nike Air Max Estrea Running Shoe Particle in Beige/Metallic Red, from the website www.fitmysole.com, which is part of Network 4.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

35.     Upon information and belief, the Defendant doing business as merchant account LIANGHAIJUN, Infringing Website www.fitmysole.com, and through the email address lianghaijun2312@outlook.com, is part of Network 4 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.fitmysole.com has acted in conjunction with all the Network 4 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

36.     Upon information and belief, the Network 4 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 4."

37.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 4 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 4."

**Network 5 Defendants**

38.     Upon information and belief, Network 5 consists of 6 Infringing Websites, 1 known Defendant alias, 3 email addresses, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 5 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 5."

39.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 5.

40.     In order to uncover identifying information of the Network 5 Defendants, on October 1, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low "ACG" Terra sneakers, from the website www.anpkickz.com, which is part of Network 5. Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination of the website, Plaintiffs have verified that the website www.anpkickz.com is selling Counterfeit Products.

41.     Upon information and belief, Defendant doing business as merchant account Rmb Rain Inc, Infringing Website www.anpkickz.com, and through the email address rmbrain@ailiai.net and the Infringing Social Media accounts anpkick_review (Instagram), anpkick_co (Instagram), anpkick.seller (Facebook), and 85255377366 (Whatsapp), is part of Network 5 and is an individual or entity whose true indentity and address are currently unknown. Upon information and belief, the Defendant doing business as www.anpkickz.com has acted in conjunction with all the Network 5 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

42.     Upon information and belief, the Network 5 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 5."

43.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 5 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 5."

**Network 6 Defendants**

44.     Upon information and belief, Network 6 consists of 2 Infringing Websites, 9 known Defendant aliases, 3 email addresses, and 8 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 6 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 6."

45.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 6.

46.    In order to uncover identifying information of the Network 6 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of NIKE Air Force 1 sneakers, from the website www.footskicks.co, which is part of Network 6. This product was shipped to New York. Plaintiff Nike has verified that this product is counterfeit.

47.    Upon information and belief, the Defendant doing business as merchant account MRFASHION666, Infringing Website www.footskicks.co, and through the email address avejme1@gmail.com and the Infringing Social Media accounts footskick8 (Instagram) and fffootskicks (Instagram), wang18086465089 (Wechat), 8618086465089 (Whatsapp), and UCewPooeHtU8dd9UBJK7X8Vg (Youtube), is part of Network 6 and is an individual or entity whose true indentity and address are currently unknown. Upon information and belief, the Defendant doing business as www.footskicks.co has acted in conjunction with all the Network 6 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

48.    Upon information and belief, the Network 6 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 6."

49.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 6 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 6."

**Network 7 Defendants**

50.     Upon information and belief, Network 7 consists of 1 Infringing Website, 3 known Defendant aliases, 3 email addresses, and 13 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 7 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 7."

51.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 7.

52.     In order to uncover identifying information of the Network 7 Defendants, on October 8, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Retro High Rookie of the Year sneakers, from the website www.brandsneakertwins.com, which is part of Network 7.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

53.     Upon information and belief, the Defendant doing business as Infringing Website www.brandsneakertwins.com, and through the email address 343187552@qq.com and the Infringing Social Media accounts 8618950744921 (Wechat), 8618950744921 (Whatsapp), brandsneakertwins (Instagram), supreme.grade (Instagram), brandsneakertwins_ (Instagram), bst_plug (Instagram), UCbB0XlbK2CsdqD0LiquNEvw (Youtube), brandsneakertwins2020

(Instagram), 8615359220954 (Wechat), 18950744921 (Wechat), 8615359220954 (Whatsapp), and brandsneakertwins-110732720718881 (Facebook), is part of Network 7 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.brandsneakertwins.com has acted in conjunction with all the Network 7 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

54.     Upon information and belief, the Network 7 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 7."

55.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 7 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 7."

**Network 8 Defendants**

56.     Upon information and belief, Network 8 consists of 7 Infringing Websites, 7 known Defendant aliases, 12 email addresses, and 29 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 8 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 8."

57.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 8.

58.     In order to uncover identifying information of the Network 8 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Huarache Run Ultra Lake Blue sneakers, from the website www.jdfoot.com, which is part of Network 8. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

59.     Upon information and belief, the Defendant using the alias Jessi966, doing business as merchant account HELLOALLTOP, Infringing Website www.jdfoot.com, and through the email address helloalltopshoes@gmail.com and the Infringing Social Media accounts 8618162694232 (Whatsapp), jdfootofficial (Instagram), the_simplicity_of_fashion (Instagram), 85251615988 (Whatsapp), UCpaUtpbsepIhGaj_kQ1FfKA (Youtube), UC-6Bo5dLOX5RTlTTrlITuuw (Youtube), and jdfootofficial (Facebook), is part of Network 8 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.jdfoot.com has acted in conjunction with all the Network 8 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

60.     Upon information and belief, the Network 8 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 8."

61.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 8 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 8."

**Network 9 Defendants**

62.    Upon information and belief, Network 9 consists of 2 Infringing Websites, 3 known Defendant aliases, 3 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 9 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 9."

63.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 9.

64.    In order to uncover identifying information of the Network 9 Defendants, on October 1, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 3

SE "Red Cement" sneakers, from the website www.nikecraze.com, which is part of Network 9. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

65.     Upon information and belief, the Defendant doing business as merchant account SOPHORN CHHAY, Infringing Website www.nikecraze.com, and through the email address nikecraze.com@gmail.com and the Infringing Social Media accounts kicks-craze-204758129718897 (Facebook) and dfysneakers (Facebook), is part of Network 9 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.nikecraze.com has acted in conjunction with all the Network 9 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

66.     Upon information and belief, the Network 9 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 9."

67.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 9 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 9."

**Network 10 Defendants**

68.     Upon information and belief, Network 10 consists of 16 Infringing Websites, 6 known Defendant aliases, 27 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 10 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 10."

69.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 10.

70.     In order to uncover identifying information of the Network 10 Defendants, on October 1, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Edge 270 sneakers, from the website www.cheapinus.com, which is part of Network 10.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

71.     Upon information and belief, the Defendant doing business as merchant account SS*newbeecomshop, Infringing Website www.cheapinus.com, and through the email address cheapinus@gmail.com, is part of Network 10 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.cheapinus.com has acted in conjunction with all the Network 10 Defendants, including

the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

72.     Upon information and belief, the Network 10 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 10."

73.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 10 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 10."

**Network 11 Defendants**

74.     Upon information and belief, Network 11 consists of 9 Infringing Websites, 2 known Defendant aliases, 12 email addresses, and 1 Infringing Social Media account, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 11 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 11."

75.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 11.

76.     In order to uncover identifying information of the Network 11 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Dynamo Free PS Bright in Crimson/Red, from the website www.kd11sale.com, which is part of Network 11. This product was shipped to New York. Plaintiff Nike has verified that this product is counterfeit.

77.     Upon information and belief, the Defendant doing business as merchant account GLGHVCA, Infringing Website www.kd11sale.com, and through the email address glghvca@163.com, is part of Network 11 and is an individual or entity whose true indentity and address are currently unknown. Upon information and belief, the Defendant doing business as www.kd11sale.com has acted in conjunction with all the Network 11 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

78.     Upon information and belief, the Network 11 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 11."

79.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 11 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 11."

**Network 12 Defendants**

80.     Upon information and belief, Network 12 consists of 4 Infringing Websites, 5 known Defendant aliases, and 6 email addresses, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 12 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 12."

81.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 12.

82.     In order to uncover identifying information of the Network 12 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of 2020 Nike Air Force 1 "BeTrue" sneakers, from the website www.withsneaker.com, which is part of Network 12.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

83.     Upon information and belief, the Defendant doing business as merchant account CCS8845, Infringing Website www.withsneaker.com, and through the email address ccs8845@outlook.com, is part of Network 12 and is an individual or entity whose true indentity

and address are currently unknown.  Upon information and belief, the Defendant doing business

as www.withsneaker.com has acted in conjunction with all the Network 12 Defendants,

including the Infringing Websites, email addresses, and aliases, as set forth in Exhibit 1.

84.     Upon information and belief, the Network 12 Defendants have made a conscious

decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants –

Network 12."

85.     By selling and offering to sell Counterfeit Products to the consuming public

through the Infringing Platforms, the Network 12 Defendants willfully infringed various

valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading

"Defendants – Network 12."

**Network 13 Defendants**

86.     Upon information and belief, Network 13 consists of 2 Infringing Websites, 9

known Defendant aliases, 3 email addresses, and 7 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely related network of counterfeiters (collectively, the "**Network 13 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 13."

87.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, merchant account information, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 13.

88.     In order to uncover identifying information of the Network 13 Defendants, on October 1, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan Mid "Shattered Backboard" sneakers, from the website www.omgkickz.com, which is part of Network 13.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

89.     Upon information and belief, Defendant using the alias Xuwei Lin, doing business as merchant account OMG KICKZ, Infringing Website www.omgkickz.com, and through the email address hypeskick@gmail.com and the Infringing Social Media accounts 8618186643705 (Whatsapp) and hypeskick_888 (Instagram) and UCNu1Wz-KGPJiQmb9CpV6ARg (Youtube), is part of Network 13 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.omgkickz.com has acted in conjunction with all the Network 13 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

90.     On October 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Dunk SB Low SP "University Red" sneakers, from the website www.uashoe.com. Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination

of the website, Plaintiffs have verified that the website www.uashoe.com is selling Counterfeit Products.

91.     Upon information and belief, Defendant, who is also doing business as merchant account OMG KICKZ, as well as Infringing Website www.uashoe.com, and through the Infringing Social Media accounts uashoeservice688 (Instagram) and UCc22AhTkgZ6OwzPakJUsB_Q (Youtube) and 85291432233 (Whatsapp) and 15187048400 (Whatsapp), is part of Network 13 and is an individual or entity whose true indentity and address are currently unknown. Upon information and belief, the Defendant doing business as www.uashoe.com has acted in conjunction with all the Network 13 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

92.     Upon information and belief, the Network 13 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 13."

93.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 13 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 13."

**Network 14 Defendants**

94.     Upon information and belief, Network 14 consists of 1 Infringing Website, 4 known Defendant aliases, 4 email addresses, and 7 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 14 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 14."

95.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 14.

96.     In order to uncover identifying information of the Network 14 Defendants, on November 13, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of AJ1 x The Union Black Toe sneakers, from the website www.uaplg.com, which is part of Network 14. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

97.     Upon information and belief, the Defendant doing business as merchant account XENDIT*UAPLG, Infringing Website www.uaplg.com, and through the email address support@uaplg.com and the Infringing Social Media accounts realuaplug (Instagram) and v2uaplg (Instagram) and UCnTO4GZvAmP0j2_Llij8byA (Youtube) and 16469804412 (Whatsapp) and 13474930796 (Whatsapp), is part of Network 14 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the

Defendant doing business as www.uaplg.com has acted in conjunction with all the Network 14 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

98.     Upon information and belief, the Network 14 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 14."

99.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 14 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 14."

**<u>Network 15 Defendants</u>**

100.    Upon information and belief, Network 15 consists of 7 Infringing Websites, 2 known Defendant aliases, 6 email addresses, and 9 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**<u>Network 15 Defendants</u>**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 15."

101.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 15.

102.    In order to uncover identifying information of the Network 15 Defendants, on July 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a Nike basketball t-shirt, from the website www.unhs.net, which is part of Network 15. Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination of the website, Plaintiffs have verified that the website www.unhs.net is selling Counterfeit Products.

103.    Upon information and belief, Defendant using the alias Yunxiang Fan, doing business as Infringing Website www.unhs.net, and through the email addresses admin@unhs.cc and kimedwinkim@gmail.com and the Infringing Social Media accounts unhs2018 (Instagram) and unhs.replica (Instagram) and UCYnxKyJCqy3GMd3smj1rJ0A (Youtube) and unhs18 (Facebook) and 14086202430 (Whatsapp), is part of Network 15 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.unhs.net has acted in conjunction with all the Network 15 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

104.    Upon information and belief, the Network 15 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 15."

105.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 15 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 15."

**Network 16 Defendants**

106.    Upon information and belief, Network 16 consists of 7 Infringing Websites, 4 known Defendant aliases, 8 email addresses, and 23 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 16 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 16."

107.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 16.

108.    In order to uncover identifying information of the Network 16 Defendants, on November 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Blazer Off-White OG sneakers, from the website www.ow-factory.ru, which is part of Network

16.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

109.    Upon information and belief, the Defendant doing business as Infringing Website www.ow-factory.ru, and through the email address liangumeitpr@yeah.net and the Infringing Social Media accounts UChuzDdssZnWf9dPaJmJ4k3w (Youtube) and wendysneaker (Wechat) and air-jordan-news-1498342800435796 (Facebook), is part of Network 16 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.ow-factory.ru has acted in conjunction with all the Network 16 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

110.    Upon information and belief, the Network 16 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 16."

111.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 16 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 16."

**Network 17 Defendants**

112.    Upon information and belief, Network 17 consists of 5 Infringing Websites, 3 known Defendant aliases, 1 email address, and 6 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 17 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 17."

113.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 17.

114.    In order to uncover identifying information of the Network 17 Defendants, on October 2, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Grateful Dead x Dunk Low SB sneakers, from the website www.gmkim.co.ua, which is part of Network 17. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

115.    Upon information and belief, the Defendant doing business as Infringing Website www.gmkim.co.ua, and through the email address gmkim@foxmail.com and the Infringing Social Media account gmk_news (Instagram), is part of Network 17 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.gmkim.co.ua has acted in conjunction with all the Network 17 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

116.    Upon information and belief, the Network 17 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 17."

117.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 17 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 17."

**Network 18 Defendants**

118.    Upon information and belief, Network 18 consists of 2 Infringing Websites, 4 known Defendant aliases, 1 email address, and 3 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 18 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 18."

119.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 18.

120. In order to uncover identifying information of the Network 18 Defendants, on November 25, 2020, Plaintiffs' investigator purchased a Counterfeit Product, A pair of Supreme x Nike SB Dunk Low Green sneakers, from the website www.sneakerwill.com, which is part of Network 18. This product was shipped to New York. Plaintiff Nike has verified that this product is counterfeit.

121. Upon information and belief, Defendant using the alias Yang Jianxin, doing business as Infringing Website www.sneakerwill.com, and through the email address 2008xyt@163.com and the Infringing Social Media accounts willskicks_ru (Instagram) and sneakerwillcom (Instagram) and UCvKcEL4h4OTVFCiBhpee9Fw (Youtube), is part of Network 18 and is an individual or entity whose true indentity and address are currently unknown. Upon information and belief, the Defendant doing business as www.sneakerwill.com has acted in conjunction with all the Network 18 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

122. Upon information and belief, the Network 18 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 18."

123. By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 18 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 18."

**Network 19 Defendants**

124.   Upon information and belief, Network 19 consists of 6 Infringing Websites, 2 known Defendant aliases, 6 email addresses, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 19 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 19."

125.   These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 19.

126.   In order to uncover identifying information of the Network 19 Defendants, on September 3, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Force 1 React QS White Light Bone Sail, from the website www.jordans2019shoes.com, which is part of Network 19.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

127.   Upon information and belief, the Defendant doing business as merchant account EPL*CNHLONFI LTD, Infringing Website www.jordans2019shoes.com, and through the Infringing Social Media account jordans2019shoes (Facebook), is part of Network 19 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.jordans2019shoes.com has acted in

conjunction with all the Network 19 Defendants, including the Infringing Websites, Infringing

Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

128.    Upon information and belief, the Network 19 Defendants have made a conscious

decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under

the heading "Defendants – Network 19."

129.    By selling and offering to sell Counterfeit Products to the consuming public

through the Infringing Platforms, the Network 19 Defendants willfully infringed various

valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading

"Defendants – Network 19."

**Network 20 Defendants**

130.    Upon information and belief, Network 20 consists of 7 Infringing Websites, 4

known Defendant aliases, 4 email addresses, and 1 Infringing Social Media account, as well as

other ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely related network of counterfeiters (collectively, the "**Network 20 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 20."

131.    These Infringing Websites and Infringing Social Media are all connected through

a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 20.

132.    In order to uncover identifying information of the Network 20 Defendants, on September 3, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan Mid Milan, from the website www.voguewho.com, which is part of Network 20.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

133.    Upon information and belief, the Defendant doing business as merchant account CHENDONGSONG, Infringing Website www.voguewho.com, is part of Network 20 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.voguewho.com has acted in conjunction with all the Network 20 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

134.    Upon information and belief, the Network 20 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 20."

135.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 20 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 20."

**Network 21 Defendants**

136.    Upon information and belief, Network 22 consists of 2 Infringing Websites, 3 known Defendant aliases, 3 email addresses, and 1 Infringing Social Media account, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 21 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 21."

137.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 21.

138.    In order to uncover identifying information of the Network 21 Defendants, on October 12, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Max 2017 Navy Blue sneakers, from the website www.onkicks.com, which is part of Network 21. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

139.    Upon information and belief, the Defendant doing business as Infringing Website www.onkicks.com, and through the email address enjoybuy@live.com, is part of Network 21 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.onkicks.com has acted in

conjunction with all the Network 21 Defendants, including the Infringing Websites, Infringing

Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

140.    Upon information and belief, the Network 21 Defendants have made a conscious

decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under

the heading "Defendants – Network 21."

141.    By selling and offering to sell Counterfeit Products to the consuming public

through the Infringing Platforms, the Network 21 Defendants willfully infringed various

valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and

distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants –

Network 21."

**Network 22 Defendants**

142.    Upon information and belief, Network 22 consists of 16 Infringing Websites, 3

known Defendant aliases, 4 email addresses, and 4 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely related network of counterfeiters (collectively, the "**Network 22 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 22."

143.    These Infringing Websites and Infringing Social Media are all connected through

a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 22.

144.    In order to uncover identifying information of the Network 22 Defendants, on September 4, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Samba sneakers, from the website www.snkes.org, which is part of Network 22.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

145.    Upon information and belief, the Defendant doing business as Infringing Website www.snkes.org, and through the email address 198363048@qq.com and the Infringing Social Media accounts popsnke (Facebook) and 85257001430 (Whatsapp) and snkes (Wechat), is part of Network 22 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.snkes.org has acted in conjunction with all the Network 22 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

146.    Upon information and belief, the Network 22 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 22."

147.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 22 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 22."

**Network 23 Defendants**

148.     Upon information and belief, Network 23 consists of 18 Infringing Websites, 6 known Defendant aliases, and 4 email addresses, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 23 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 23."

149.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 23.

150.     In order to uncover identifying information of the Network 23 Defendants, on October 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Max 1 Obsidian White sneakers, from the website www.outletsfire.com, which is part of Network 23. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

151.     Upon information and belief, Defendant using the alias Huayimei, doing business as Infringing Website www.outletsfire.com, and through the email address service@hxecltd.com, is part of Network 23 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business

as www.outletsfire.com has acted in conjunction with all the Network 23 Defendants, including the Infringing Websites, email addresses, and aliases, as set forth in Exhibit 1.

152.    Upon information and belief, the Network 23 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 23."

153.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 23 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 23."

**Network 24 Defendants**

154.    Upon information and belief, Network 24 consists of 2 Infringing Websites, 4 known Defendant aliases, 6 email addresses, and 18 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 24 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 24."

155.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 24.

156.    In order to uncover identifying information of the Network 24 Defendants, on September 4, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Max 270 Betrue sneakers, from the website www.sneakerahead.org, which is part of Network 24. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

157.    Upon information and belief, the Defendant doing business as Infringing Website www.sneakerahead.org, and through the email address xl77889@126.com and the Infringing Social Media accounts sneakeraheadpw (Instagram) and sneakeraheadnet (Instagram) and sneakeraheadorg (Wechat) and 8618059523879 (Whatsapp), is part of Network 24 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.sneakerahead.org has acted in conjunction with all the Network 24 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

158.    Upon information and belief, the Network 24 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 24."

159.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 24 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading

"Defendants – Network 24."

**Network 25 Defendants**

160.    Upon information and belief, Network 25 consists of 6 Infringing Websites, 5

known Defendant aliases, and 3 email addresses, as well as other ABC Companies and John

Does whose actual names and other identifying information are currently unknown, and who, at

all relevant times herein, have acted in conjunction, as part of a closely related network of

counterfeiters (collectively, the "**Network 25 Defendants**").  The aliases and "d/b/a" names,

including Infringing Websites, Infringing Social Media, and email addresses, that currently are

known to be associated with these Defendants are listed in Exhibit 1 under the heading

"Defendants – Network 25."

161.    These Infringing Websites and Infringing Social Media are all connected through

a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated

in a public manner with Network 25.

162.    In order to uncover identifying information of the Network 25 Defendants, on

October 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1

Retro High Double Strap sneakers, from the website www.xkshoes.com, which is part of

Network 25.  This product was shipped to New York.  Plaintiff Nike has verified that this

product is counterfeit.

163.    Upon information and belief, Defendant using the alias Lin Zhimin, doing

business as Infringing Website www.xkshoes.com, and through the email address

ypboots@gmail.com, is part of Network 25 and is an individual or entity whose true indentity

and address are currently unknown.  Upon information and belief, the Defendant doing business as www.xkshoes.com has acted in conjunction with all the Network 25 Defendants, including the Infringing Websites, email addresses, and aliases, as set forth in Exhibit 1.

164.    Upon information and belief, the Network 25 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants – Network 25."

165.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 25 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 25."

**Network 26 Defendants**

166.    Upon information and belief, Network 26 consists of 98 Infringing Websites, 16 known Defendant aliases, 16 email addresses, and 1 Infringing Social Media account, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 26 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 26."

167.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 26.

168.    In order to uncover identifying information of the Network 26 Defendants, on July 13, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Air Zoom Pegasus Women's Running Shoes, from the website www.nikefactorys.us, which is part of Network 26.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

169.    Upon information and belief, the Defendant doing business as merchant account GUOPING QI, Infringing Website www.nikefactorys.us, and through the email address nathanhood1998@hotmail.com and the Infringing Social Media account 16262063811 (Whatsapp), is part of Network 26 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.nikefactorys.us has acted in conjunction with all the Network 26 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

170.    Upon information and belief, the Network 26 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 26."

171.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 26 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 26."

**Network 27 Defendants**

172.    Upon information and belief, Network 27 consists of 1 Infringing Website, 1 known Defendant alias, 1 email address, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 27 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 27."

173.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 27.

174.    In order to uncover identifying information of the Network 27 Defendants, on October 25, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low Instant Skateboards sneakers, from the website www.muks-store.com, which is part of Network 27.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

175.     Upon information and belief, the Defendant doing business as Infringing Website www.muks-store.com, and through the email address 514643810@qq.com and the Infringing Social Media account 8617505946398 (Whatsapp), is part of Network 27 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.muks-store.com has acted in conjunction with all the Network 27 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

176.     Upon information and belief, the Network 27 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 27."

177.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 27 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 27."

**<u>Network 28 Defendants</u>**

178.     Upon information and belief, Network 28 consists of 8 Infringing Websites, 3 known Defendant aliases, 6 email addresses, and 1 Infringing Social Media account, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**<u>Network 28 Defendants</u>**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 28."

179.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 28.

180.    In order to uncover identifying information of the Network 28 Defendants, on October 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of SB Dunk Low "Neptune Green" sneakers, from the website www.repsneakers.org, which is part of Network 28. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

181.    Upon information and belief, Defendant doing business as merchant account Rep Sneakers, Infringing Website www.repsneakers.org, and through the email address yiyueyingzixun@outlook.com, is part of Network 28 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.repsneakers.org has acted in conjunction with all the Network 28 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

182.    Upon information and belief, the Network 28 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 28."

183.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 28 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 28."

**Network 29 Defendants**

184.    Upon information and belief, Network 29 consists of 1 Infringing Website, 6 known Defendant aliases, 2 email addresses, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 29 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 29."

185.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 29.

186.    In order to uncover identifying information of the Network 29 Defendants, on November 24, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 12 "University Gold" sneakers, from the website www.kickze.com, which is part of Network 29.

This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

187.    Upon information and belief, the Defendant using the alias Xiong Meng, doing business as Infringing Website www.kickze.com, and through the email address taschnerpx2@gmail.com and the Infringing Social Media accounts kickzedeshoes (Instagram) and kate2233333 (Instagram) and key.kate.54 (Facebook) and 8615377547275 (Whatsapp) and UCw2_E_mFIRHrANPiP2BhHjQ (Youtube), is part of Network 29 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.kickze.com has acted in conjunction with all the Network 29 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

188.    Upon information and belief, the Network 29 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 29."

189.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 29 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 29."

**Network 30 Defendants**

190.    Upon information and belief, Network 30 consists of 2 Infringing Websites, 2 known Defendant aliases, 5 email addresses, and 9 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 30 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 30."

191.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 30.

192.    In order to uncover identifying information of the Network 30 Defendants, on October 2, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike SB Dunk Low sneakers, from the website www.hypereps.com, which is part of Network 30. This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

193.    Upon information and belief, Defendant using the alias Ahmeel Fowler, doing business as Infringing Website www.hypereps.com, and through the email address hypepayment@gmail.com and the Infringing Social Media accounts officialhypereps (Instagram) and realhypereps (Instagram) and UCwXGn79k0iEgWvm6uyI53KQ (Youtube) and hyperepsofficial (Facebook) and officialhypereps (Facebook) and repbeastlifestyle (Facebook) and hypebeastrep (Facebook), is part of Network 30 and is an individual or entity whose true

indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.hypereps.com has acted in conjunction with all the Network 30 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

194.     Upon information and belief, the Network 30 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 30."

195.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 30 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 30."

**Network 31 Defendants**

196.     Upon information and belief, Network 31 consists of 37 Infringing Websites, 9 known Defendant aliases, 64 email addresses, and 110 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 31 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 31."

197.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 31.

198.    In order to uncover identifying information of the Network 31 Defendants, on December 8, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Dunk Low Travis Scott x Playstation sneakers, from the website www.artemisselectkick.com, which is part of Network 31. Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination of the website, Plaintiffs have verified that the website www.artemisselectkick.com is selling Counterfeit Products.

199.    Upon information and belief, the Defendant doing business as Infringing Website www.artemisselectkick.com, and through the email address shixundo@sina.com and the Infringing Social Media accounts artemis_cs (Instagram) and artemisselectsneaker (Instagram) and artemisselect (Facebook) and 8617078389364 (Whatsapp) and 8617111948430 (Whatsapp), is part of Network 31 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.artemisselectkick.com has acted in conjunction with all the Network 31 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

200.    Upon information and belief, the Network 31 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 31."

201.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 31 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 31."

**Network 32 Defendants**

202.    Upon information and belief, Network 32 consists of 2 Infringing Websites, 1 known Defendant alias, 1 email address, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 32 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 32."

203.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 32.

204.    In order to uncover identifying information of the Network 32 Defendants, on December 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Max 1/97 VF SW sneakers, from the website www.mybestsneakers.com, which is part of Network 32.

Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped

to New York, but it has not been delivered as of the date of this Complaint. Through examination

of the website, Plaintiffs have verified that the website www.mybestsneakers.com is selling

Counterfeit Products.

205.    Upon information and belief, the Defendant using the alias Xu Dongmei, doing

business as Infringing Website www.mybestsneakers.com, and through the Infringing Social

Media accounts mybestsneaker (Instagram) and 17242496705 (Whatsapp), is part of Network 32

and is an individual or entity whose true indentity and address are currently unknown.  Upon

information and belief, the Defendant doing business as www.mybestsneakers.com has acted in

conjunction with all the Network 32 Defendants, including the Infringing Websites, Infringing

Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

206.    Upon information and belief, the Network 32 Defendants have made a conscious

decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under

the heading "Defendants – Network 32."

207.    By selling and offering to sell Counterfeit Products to the consuming public

through the Infringing Platforms, the Network 32 Defendants willfully infringed various

valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading

"Defendants – Network 32."

**Network 33 Defendants**

208.     Upon information and belief, Network 33 consists of 2 Infringing Websites, 3 known Defendant aliases, 1 email address, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 33 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 33."

209.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 33.

210.     In order to uncover identifying information of the Network 33 Defendants, on October 10, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of PK God Nike SB Dunk Low Concepts Purple Lobster, from the website www.monicasneaker.vip, which is part of Network 33.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

211.     Upon information and belief, Defendant using the alias Gao Lingfeng, doing business as Infringing Website www.monicasneaker.vip, and through the email address 1795960088@qq.com, and the Infringing Social Media accounts monica_10june (Instagram) and 8618396001806 (Whatsapp) and 8618396001806 (Wechat) and 18396001806 (Wechat), is part of Network 33 and is an individual or entity whose true indentity and address are currently

unknown.  Upon information and belief, the Defendant doing business as

www.monicasneaker.vip has acted in conjunction with all the Network 33 Defendants, including

the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set

forth in Exhibit 1.

212.    Upon information and belief, the Network 33 Defendants have made a conscious

decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and

conscious force behind the operation of the fully interactive, commercial websites available at

the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under

the heading "Defendants – Network 33."

213.    By selling and offering to sell Counterfeit Products to the consuming public

through the Infringing Platforms, the Network 33 Defendants willfully infringed various

valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading

"Defendants – Network 33."

**Network 34 Defendants**

214.    Upon information and belief, Network 34 consists of 1 Infringing Website, 3

known Defendant aliases, 1 email address, and 8 Infringing Social Media accounts, as well as

other ABC Companies and John Does whose actual names and other identifying information are

currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a

closely related network of counterfeiters (collectively, the "**Network 34 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email

addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1

under the heading "Defendants – Network 34."

215.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 34.

216.     In order to uncover identifying information of the Network 34 Defendants, on September 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of SB Dunk Low Roswell Raygun Tie-Dye, from the website www.chansneakers.com, which is part of Network 34.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

217.     Upon information and belief, the Defendant doing business as Infringing Website www.chansneakers.com, and through the email address lhy090121@163.com, and the Infringing Social Media accounts reddit.chansneakers (Instagram) and chansneakers.reviews (Instagram) and reddit.chanzhfsneakers (Instagram) and chansneakers.official (Instagram), is part of Network 34 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.chansneakers.com has acted in conjunction with all the Network 34 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

218.     Upon information and belief, the Network 34 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 34."

219.   By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 34 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 34."

**Network 35 Defendants**

220.   Upon information and belief, Network 35 consists of 2 Infringing Websites, 4 known Defendant name, 1 email address, and 3 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 35 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 35."

221.   These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 35.

222.   In order to uncover identifying information of the Network 35 Defendants, on December 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Low sneakers, from the website www.perfectkicks.org, which is part of Network 35.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

223.    Upon information and belief, the Defendant doing business as merchant account luxurystyle, Infringing Website www.perfectkicks.org, and through the Infringing Social Media accounts perfectkicks_org (Instagram) and 85255160582 (Whatsapp), is part of Network 35 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.perfectkicks.org has acted in conjunction with all the Network 35 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

224.    Upon information and belief, the Network 35 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 35."

225.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 35 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 35."

**Network 36 Defendants**

226.    Upon information and belief, Network 36 consists of 1 Infringing Website, 1 known Defendant alias, 1 email address, and 4 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 36 Defendants**").  The

aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 36."

227.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 36.

228.    In order to uncover identifying information of the Network 36 Defendants, on October 13, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Travis Scott x SB Dunk Low PRM sneakers, from the website www.uabat.com, which is part of Network 36. Plaintiffs' investigator was charged for this Counterfeit Product and requested that it be shipped to New York, but it has not been delivered as of the date of this Complaint. Through examination of the website, Plaintiffs have verified that the website www.uabat.com is selling Counterfeit Products.

229.    Upon information and belief, the Defendant doing business as merchant account and Hero Media CO., Limited, Infringing Websites www.uabat.com, and through the email addresses finance@uabat.com and hu@heromedialtd.com, and the Infringing Social Media accounts ua.bat (Instagram) and ua_bat (Instagram) and 8613607545746 (Whatsapp), is part of Network 36 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.uabat.com has acted in conjunction with all the Network 36 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

230.    Upon information and belief, the Network 36 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 36."

231.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 36 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 36."

**Network 37 Defendants**

232.    Upon information and belief, Network 37 consists of 1 Infringing Website, 2 known Defendant aliases, 1 email address, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 37 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 37."

233.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 37.

234.    In order to uncover identifying information of the Network 37 Defendants, on September 3, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan in red patent leather, from the website www.boolopo.com, which is part of Network 37.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

235.    Upon information and belief, the Defendant doing business as Infringing Website www.boolopo.com, and through the email address support@boolopo.com, and the Infringing Social Media accounts boolopo_com (Instagram) and UCspzfTkDuwiLWwX_2sIXsZg (Youtube) and boolopo (Facebook) and 46790542695 (Whatsapp) and 46729411157 (Whatsapp), is part of Network 37 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.boolopo.com has acted in conjunction with all the Network 37 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

236.    Upon information and belief, the Network 37 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 37."

237.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 37 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 37."

**Network 38 Defendants**

238.    Upon information and belief, Network 38 consists of 1 Infringing Website, 4 known Defendant aliases, 3 email addresses, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 38 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 38."

239.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 38.

240.    In order to uncover identifying information of the Network 38 Defendants, on September 3, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Nike Max React, from the website www.soleshop.me, which is part of Network 38.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

241.    Upon information and belief, the Defendant doing business as Infringing Website www.soleshop.me, and through the email address 123729466@qq.com, and the Infringing Social Media accounts 8615959413915 (Whatsapp) and 8618649823490 (Whatsapp), is part of Network 38 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.soleshop.me has

acted in conjunction with all the Network 38 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

242.   Upon information and belief, the Network 38 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 38."

243.   By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 38 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 38."

**Network 39 Defendants**

244.   Upon information and belief, Network 39 consists of 4 Infringing Websites, 1 known Defendant alias, 3 email addresses, and 5 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 39 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 39."

245.   These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social

media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 39.

246.    In order to uncover identifying information of the Network 39 Defendants, on September 16, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 High OG Off White UNC Blue, from the website www.wonderkicks.com, which is part of Network 39.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

247.    Upon information and belief, Defendant using the alias Haiyue Wen, doing business as Infringing Website www.wonderkicks.com, and through the email address wenhaiyue@gmail.com, and the Infringing Social Media accounts wonderkicks_ru (Instagram) and wonderkickscom (Wechat) and 8613250949140 (Whatsapp), is part of Network 39 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.wonderkicks.com has acted in conjunction with all the Network 39 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

248.    Upon information and belief, the Network 39 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 39."

249.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 39 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering

for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 39."

**Network 40 Defendants**

250.    Upon information and belief, Network 40 consists of 3 Infringing Websites, 4 known Defendant aliases, 3 email addresses, and 6 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 40 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 40."

251.    These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 40.

252.    In order to uncover identifying information of the Network 40 Defendants, on October 9, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Converse Chuck Taylor All-Star 70s Hi Kith X Coca Cola Navy sneakers, from the website www.g5tony.net, which is part of Network 40.  This product was shipped to New York.  Plaintiff Converse has verified that this product is counterfeit.

253.    Upon information and belief, Defendant using the alias Zhang Yaodan, doing business as Infringing Website www.g5tony.net, and through the email address yd56789@yeah.net, and the Infringing Social Media accounts 8615695947506 (Whatsapp) and

tonysneakerg5 (Instagram) and tonysneaker_com (Wechat), is part of Network 40 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.g5tony.net has acted in conjunction with all the Network 40 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

254.    Upon information and belief, the Network 40 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 40."

255.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 40 Defendants willfully infringed various valuable, federally protected Nike and Converse trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 40."

**Network 41 Defendants**

256.    Upon information and belief, Network 41 consists of 2 Infringing Websites, 6 known Defendant aliases, and 1 email address, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 41 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are

known to be associated with these Defendants are listed in Exhibit 1 under the heading
"Defendants – Network 41."

257.    These Infringing Websites and Infringing Social Media are all connected through
a number of unique identifiers such as email addresses, website analytic information, and social
media accounts that are controlled by one or more Defendants in the Network and are associated
in a public manner with Network 41.

258.    In order to uncover identifying information of the Network 41 Defendants, on
October 6, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a 2019 Club America
Third Away Orange Soccer Jerseys Shirt, from the website www.goaljerseys.co, which is part of
Network 41.  This product was shipped to New York.  Plaintiff Nike has verified that this
product is counterfeit.

259.    Upon information and belief, Defendant using the alias Guangying, doing
business as Infringing Websites www.goaljerseys.co and www.onestev.com, and through the
email address service@bringallpay.com, is part of Network 41 and is an individual or entity
whose true indentity and address are currently unknown.  Upon information and belief, the
Defendant doing business as www.goaljerseys.co has acted in conjunction with all the Network
41 Defendants, including the Infringing Websites, email addresses, and aliases, as set forth in
Exhibit 1.

260.    Upon information and belief, the Network 41 Defendants have made a conscious
decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and
conscious force behind the operation of the fully interactive, commercial websites available at
the URLs as well as other online platforms, listed in Exhibit 1 under the heading "Defendants –
Network 41."

261.     By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 41 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 41."

**Network 42 Defendants**

262.     Upon information and belief, Network 42 consists of 1 Infringing Website, 4 known Defendant aliases, 1 email address, and 2 Infringing Social Media accounts, as well as other ABC Companies and John Does whose actual names and other identifying information are currently unknown, and who, at all relevant times herein, have acted in conjunction, as part of a closely related network of counterfeiters (collectively, the "**Network 42 Defendants**").  The aliases and "d/b/a" names, including Infringing Websites, Infringing Social Media, and email addresses, that currently are known to be associated with these Defendants are listed in Exhibit 1 under the heading "Defendants – Network 42."

263.     These Infringing Websites and Infringing Social Media are all connected through a number of unique identifiers such as email addresses, website analytic information, and social media accounts that are controlled by one or more Defendants in the Network and are associated in a public manner with Network 42.

264.     In order to uncover identifying information of the Network 42 Defendants, on October 8, 2020, Plaintiffs' investigator purchased a Counterfeit Product, a pair of Air Jordan 1 Mid SE Fearless Blue the Great sneakers, from the website www.macseven.net, which is part of Network 42.  This product was shipped to New York.  Plaintiff Nike has verified that this product is counterfeit.

265.    Upon information and belief, the Defendant doing business as merchant account SEVEN, Infringing Website www.macseven.net, and through the email address 463065914@qq.com, and the Infringing Social Media accounts macseven01 (Wechat) and 8613914061514 (Whatsapp), is part of Network 42 and is an individual or entity whose true indentity and address are currently unknown.  Upon information and belief, the Defendant doing business as www.macseven.net has acted in conjunction with all the Network 42 Defendants, including the Infringing Websites, Infringing Social Media accounts, email addresses, and aliases, as set forth in Exhibit 1.

266.    Upon information and belief, the Network 42 Defendants have made a conscious decision to join in a conspiracy to market and sell Counterfeit Products and are the moving and conscious force behind the operation of the fully interactive, commercial websites available at the URLs as well as other online platforms, including social media sites listed in Exhibit 1 under the heading "Defendants – Network 42."

267.    By selling and offering to sell Counterfeit Products to the consuming public through the Infringing Platforms, the Network 42 Defendants willfully infringed various valuable, federally protected Nike trademarks in connection with the sale, offering for sale, and distribution of the specific types of goods set forth in Exhibit 7 under the heading "Defendants – Network 42."

**ABC Company and John Doe Defendants**

268.    Upon information and belief, ABC Companies 1-100 are companies engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products, but whose identity and number are not presently known.

269.     Upon information and belief, John Does 1-100 are individuals who are consciously engaged in directing, controlling, ratifying, or otherwise participating in the manufacture, distribution, sale, and advertisement of Counterfeit Products, or who consciously and directly benefit financially from the manufacture, distribution, sale, and advertisement of Counterfeit Products, but whose identity and numbers are presently unknown.

270.     Upon information and belief, the Defendants operate, and will operate, additional Infringing Websites and register additional Infringing Domain Names that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, the Defendants operate, and will operate, additional Infringing Social Media that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, Defendants use, and will use, additional email addresses that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Upon information and belief, Defendants use, and will use, additional aliases that are not currently known to Plaintiffs but that may become known to Plaintiffs at a later date.  Plaintiffs' investigation of Defendants' unlawful conduct is ongoing, and Plaintiffs expect to identify other of Defendants' Infringing Websites, Infringing Domain Names, Infringing Social Media, email addresses and aliases.

## JURISDICTION AND VENUE

271.     This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Pub. L. 98-473 (Oct. 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (Oct. 13, 2008) (the "**Lanham Act**"), and the laws of the State of New York.

272.     This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

273.     Personal jurisdiction is proper over all Defendants pursuant to N.Y.C.P.L.R. § 302(a) because each of the Defendants regularly conducts, solicits, or transacts business in New York and in this District.  Jurisdiction is also proper because Defendants have offered to sell and have sold Counterfeit Products to consumers within New York and this District; Defendants have solicited consumers within New York and this District; Defendants have entered into agreements with consumers and businesses within New York and this District; Defendants derive substantial revenue in interstate and/or international commerce; Defendants regularly and systematically direct electronic activity into the State of New York through their fully interactive websites with the manifest intent of engaging in business within New York and this District; and because the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Plaintiff within New York and this District.

    a.  Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including New York, through the Infringing Platforms as well as any and all as yet undiscovered Infringing Platforms, through which consumers in the United States, including New York, can view the one or more Infringing Websites or Infringing Social Media that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in New York, as a means for establishing regular business with the U.S., including New York.

b.   Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective Networks, using their Infringing Platforms and related operations to manufacture, import, export, advertise, market, promote, distribute, offer for sate, sell and/or otherwise deal in products, including the Counterfeit Products to consumers worldwide, including to consumers in the United States, and specifically in New York.

c.   A majority of Defendants' Infringing Websites reflect multiple sales to consumers all over the world, including repeat sales to consumers in the United States.

d.   All Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to New York.

e.   Defendants have transacted, business with consumers located in the United States, for the sale and shipment of Counterfeit Products to New York.

f.   Defendants are aware of Nike, its Nike Products and Nike Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Nike in the U.S. and specifically, in New York, as Nike conducts substantial business in New York.

g.   Defendants are aware of Converse, its Converse Products and Converse Marks, and are aware that their illegal counterfeiting and infringing actions alleged herein are likely to cause injury to Converse in the U.S. and specifically, in New York, as Converse conducts substantial business in New York.

274.   Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this District and customer confusion is likely to occur in this District.

## PLAINTIFFS' BUSINESS AND MARKS

275.    As described further below, the Nike and Converse brands are enormously popular with the general public, both in the United States and worldwide.  Plaintiffs' advertising, promotional, and marketing efforts have resulted in widespread and favorable public acceptance and recognition of the Nike and Converse trademarks.

276.    Plaintiffs' Marks appear on genuine Nike and Converse Products (on their labels, packaging, or the products themselves) and in their respective advertising and promotional materials.  Based on the extensive sales of Plaintiffs' Products and their wide popularity, Plaintiffs' Marks have developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Plaintiffs.

277.    To ensure consumer satisfaction, genuine Nike and Converse Products are subject to strict quality control guidelines prior to distribution and sale.  The enforcement of these guidelines has caused consumers, potential consumers, and other members of the public to associate Plaintiffs' Products with high quality materials, style and workmanship.  Consequently, Plaintiffs have created invaluable goodwill throughout the United States and elsewhere by selling products of dependable quality.

### Nike's Business and Marks

278.    Nike is the owner of the right, title and interest in and to, *inter alia*, the following well-established trademarks registered with the United States Patent and Trademark Office (the "Nike Marks") which appear on the Infringing Websites:

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| ACG with Swoosh & Triangles Design*[1] | 25- Footwear | Registered And Renewed 5/17/2018 | 2164358 |  |
| ACG Nike & Triangle Design* | 25- Footwear | Registered And Renewed 5/25/2018 | 2117273 |  |
| Swoosh over Air Design* | 25- Clothing, footwear, headgear | Registered And Renewed 2/21/2017 | 2068075 |  |
| AIR FLIGHT | 25- Footwear | Registered And Renewed 5/18/2012 | 1686515 | |
| AIR FORCE 1 | 25- Clothing, headgear | Registered 2/16/2016 | 4902368 | AIR FORCE 1 |
| AIR FORCE I | 25- Footwear | Registered And Renewed 10/16/2018 | 3520484 | AIR FORCE I |
| Air Jordan & Wings Design* | 25- Clothing, footwear, headgear | Registered And Renewed 2/2/2020 | 3725535 |  |
| AIR JORDAN | 25- Clothing, footwear | Registered And Renewed 1/25/2016 | 1370283 | |
| AIR MAX | 25- Footwear | Registered And Renewed 2/9/2018 | 1508348 | |
| AIR TRAINER MAX | 25- Footwear | Registered And Renewed 9/27/2013 | 1789463 | |

---

[1]        * indicates unofficial, descriptive title.

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| AIR270 | 25- Footwear | Registered 8/11/2020 | 6124768 | AIR270 |
| AIR-SOLE | 25- Insoles | Registered and Renewed 1/19/2010 Estimated Renewal Deadline: January 13, 2021 | 1145812 | |
| Coil Design* | 25- Footwear | Registered And Renewed 6/28/2012 | 2584382 |  |
| CORTEZ | 25- Footwear | Registered And Renewed 6/10/2015 | 1027021 | |
| CP3 Design* | 25- Clothing, footwear | Continued Use And Incontestability Accepted 12/20/2016 | 3860743 |  |
| DRI-FIT | 25- Clothing, headgear 28 – Sporting goods | Registered And Renewed 5/23/2012 | 2571314 | DRI-FIT |
| DRI-FIT | 25- Clothing | Registered And Renewed 2/5/2015 | 1887959 | |
| DRI-FIT | 25- Clothing | Registered And Renewed 8/23/2013 | 1794058 | |
| DUNK | 25- Footwear | Registered and Renewed 10/30/2020 | 3780236 | DUNK |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| DYNAMIC SUPPORT | 25- Footwear | Continued Use And Incontestability Accepted 11/9/2015 | 3838804 | DYNAMIC SUPPORT |
| ELITE | 25- Footwear | Registered And Renewed 4/16/2012 Estimated Renewal Deadline: October 13, 2021 See Trademark Renewal Services | 1173359 | |
| FLIGHT | 25- Clothing | Registered And Renewed 1/7/2015 | 2910530 | |
| FLYEASE | 25- Footwear | Registered 7/18/2017 | 5244829 | |
| FLYKNIT | 25- Footwear | Continued Use And Incontestability Accepted 10/8/2019 | 4393310 | FLYKNIT |
| FLYWIRE | 25- Footwear | Registered And Renewed 1/21/2020 | 3640542 | FLYWIRE |
| HYPERVENOM Design | 25- Clothing | Registered 3/21/2017 | 5166640 | HYPERVENOM |
| HYPERVENOM Design | 25- Footwear | Registered 1/13/2015 Estimated Renewal Deadline: | 4672539 | HYPERVENOM |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
|  |  | January 13, 2021 See Trademark Renewal Services |  |  |
| JUMPMAN | 25- Clothing, footwear, headgear | Registered And Renewed 1/10/2020 | 3627820 | JUMPMAN |
| JumpMan Design | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered And Renewed 1/16/2013 | 1742019 |  |
| JumpMan Design | 25- Clothing, footwear | Registered And Renewed 3/6/2020 | 1558100 |  |
| JumpMan Design | 28 - Basketballs | Registered and Renewed 5/17/2018 | 3428287 |  |
| JUST DO IT | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered 6/30/2015 Estimated Renewal Deadline: June 30, 2021 See Trademark Renewal Services | 4764071 | JUST DO IT |
| JUST DO IT | 9- Cell phone cases and accessories; eyewear; sunglasses; | Registered 3/17/2015 Estimated Renewal Deadline: March 17, 2021 See Trademark Renewal Services | 4704671 | JUST DO IT |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| JUST DO IT. | 25- Clothing, headgear | Registered And Renewed 12/19/2014 | 1875307 | |
| K I Design* | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered 1/30/2018 | 5392140 |  |
| KD Design* | 25- Clothing, footwear 18- Leather and imitations of leather | Continued Use And Incontestability Accepted 9/11/2020 | 4462766 |  |
| Kobe Design* | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered 10/16/2018 | 5583346 |  |
| LeBron Logo* | 28- Sports balls; basketballs 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Continued Use And Incontestability Accepted 7/15/2019 | 4254513 |  |
| Logo Mark | 25- Footwear | Registered 7/30/2019 | 5820374 |  |
| Swoosh Spiral Design* | 25-Footwear | Registered and Renewed 9/30/2020 | 3833438 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| AirMax 95 Body Design* | 25- Footwear | Registered And Renewed 10/26/2019 | 3714300 |  |
| Logo Mark | 25-Footwear | Registered And Renewed 8/6/2019 | 3711303 |  |
| Logo Mark | 25- Footwear | Registered And Renewed 12/26/2019 | 3711305 |  |
| Single Sole* | 25-Footwear | Registered And Renewed 12/26/2019 | 3721064 |  |
| Swoosh Spiral Shaded Design* | 25- Clothing | Registered and Renewed 10/9/2020 | 3826832 |  |
| Logo Mark | 25- Footwear | Registered And Renewed 6/22/2018 | 3451907 |  |
| Logo Mark | 25- Footwear | Registered And Renewed 6/22/2018 | 3451906 |  |
| Double Sole* | 25- Footwear | Registered And Renewed 6/22/2018 | 3451904 |  |
| Logo Mark | 25- Footwear | Registered And Renewed 6/22/2018 | 3451905 |  |
| LUNARGLIDE | 25- Footwear | Expired 4/13/2020 due to failure to file renewal (grace | 3776019 | LUNARGLIDE |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| | | period ended 10/13/2020) | | |
| LUNARLON | 25- Footwear 17-Padding and cushioning materials | Continued Use And Incontestability Accepted 4/4/2017 | 3962725 | LUNARLON |
| M Design* | 25- Clothing, footwear, headgear | Notice Of Allowance - Issued 12/24/2019; SOU or ext. due 12/24/2020 | Serial No. 88212966 |  |
| Melo Design* | 25- Clothing, footwear | Registered And Renewed 3/25/2019 | 3580156 |  |
| MERCURIAL | 25- Footwear 18- Leather and imitations of leather | Continued Use And Incontestability Accepted 8/20/2018 | 4210496 | MERCURIAL |
| MERCURIAL SUPERFLY | 25- Footwear | Registered 11/25/2014 Estimated Renewal Deadline: November 25, 2020 See Trademark Renewal Services | 4645381 | MERCURIAL SUPERFLY |
| METCON | 25- Footwear | Registered 4/10/2018 | 5440973 | METCON |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| METCON | 25- Clothing, footwear, headgear | Registered 6/14/2016 | 4980107 | METCON |
| Nadal Design* | 25- Clothing, footwear, headgear | Continued Use And Incontestability Accepted 3/16/2018 | 4112206 |  |
| NIKE | 9- Cell phone cases and accessories; eyewear; sunglasses | Registered 3/17/2015 Estimated Renewal Deadline: March 17, 2021 See Trademark Renewal Services | 4704670 | NIKE |
| NIKE | 9- Eyewear; sunglasses | Registered And Renewed 5/24/2015 | 3081688 | NIKE |
| Nike & Swoosh Design* | 14- Precious metals and their alloys; jewelry, precious stones | Registered And Renewed 8/3/2012 | 2534358 |  |
| Nike & Swoosh Design* | 14- Precious metals and their alloys; jewelry, precious stones | Expired 12/8/2018 due to failure to file renewal (grace period ended 6/8/2019) | 2209815 |  |
| NIKE | 14- Precious metals and their alloys; jewelry, precious stones | Registered And Renewed 2/27/2018 | 2196735 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| NIKE | 25- Clothing | Registered And Renewed 12/23/2015 | 1945654 | |
| Nike Over Swoosh Design* | 25- Clothing, headgear | Expired 8/11/2018 due to failure to file renewal (grace period ended 2/11/2019) | 2180866 | *nike* |
| Nike Over Swoosh Design* | 25- Footwear | Registered And Renewed 2/10/2017 | 2104329 | *nike* |
| Nike & Swoosh Design* | 18- Leather and imitations of leather | Registered And Renewed 4/17/2013 | 1772987 | NIKE |
| Nike & Swoosh Design* | 25- Clothing, headgear | Registered And Renewed 5/15/2013 | 1237469 | NIKE |
| NIKE | 25- Clothing, headgear | Registered And Renewed 4/14/2014 | 1277066 | |
| NIKE | 25- Footwear | Registered And Renewed 11/2/2012 | 1214930 | |
| Nike & Swoosh Design* | 25- Footwear | Registered And Renewed 12/10/2014 | 1325938 | NIKE |
| Nike & Swoosh Design | 28- Sports balls | Registered and Renewed 2/13/2017 | 2024436 | NIKE |
| NIKE | 18- Leather and imitations of leather | Registered And Renewed 5/12/2011 Estimated | 1153938 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
|  |  | Renewal Deadline: May 12, 2021 See Trademark Renewal Services |  |  |
| NIKE | 25- Clothing, footwear, headgear | Registered And Renewed 1/17/2014 | 0978952 |  |
| NIKE | 28- Sports balls | Registered and Renewed 12/23/2016 | 2025926 |  |
| Nike Air & Swoosh Design* | 25- Clothing | Registered And Renewed 5/9/2019 | 1571066 | NIKE AIR |
| NIKE AIR | 25- Footwear | Registered And Renewed 8/15/2014 | 1307123 |  |
| Nike Air Slanted & Swoosh Design* | 25- Footwear | Registered And Renewed 6/27/2014 | 1284386 | NIKE AIR |
| NIKE AIR VAPORMAX | 25- Footwear | Registered 9/12/2017 | 5286596 | NIKE AIR VAPORMAX |
| NIKE FREE | 25- Footwear | Registered And Renewed 2/9/2017 | 3192901 | NIKE FREE |
| NIKE LUNAR | 25- Footwear | Registered 2/16/2016 | 4901503 | NIKE LUNAR |
| NIKE SHOX | 25- Footwear | Registered And Renewed 4/1/2015 | 2970902 | NIKE SHOX |
| NIKE VAPOR | 25- Clothing, footwear, headgear | Registered 2/21/2017 | 5144112 | NIKE VAPOR |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| NIKECONNECT Logo | 25- Footwear, clothing, headwear incorporating near field communication (nfc) technology | Allowed 12/11/2018 | Serial No. 88225202 |  |
| NIKECONNECT Logo | 9 -Near field communication (NFC) tags for identifying and tracking products 25 – clothing incorporating near field communication (nfc) technology | Registered 10/6/2020 | 6171435 |  |
| NIKEFREE | 25- Footwear | Registered And Renewed 7/19/2016 | 3087455 | **NIKEFREE** |
| NIKESKIN | 25- Footwear | Registered 7/19/2016 | 5003579 | **NIKESKIN** |
| PRESTO | 25- Footwear | Registered And Renewed 4/12/2013 | 2716140 | **PRESTO** |
| RW 3 Design* | 25- Clothing, footwear | Registered 3/20/2018 | 5429100 |  |
| SWOOSH | 25- Clothing | Registered And Renewed 2/26/2018 | 2164810 | |
| SWOOSH | 25- Footwear | Registered And Renewed 7/13/2012 | 1200529 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Swoosh Design* | 9- Cell phone cases and accessories; eyewear; sunglasses | Registered 3/17/2015 Estimated Renewal Deadline: March 17, 2021 See Trademark Renewal Services | 4704672 |  |
| Swoosh Design* | 25- Clothing | Registered And Renewed 10/30/2015 | 1990180 |  |
| Swoosh Design* | 25- Clothing, headgear | Registered And Renewed 6/27/2014 | 1284385 |  |
| Swoosh Design* | 25-Footwear | Registered And Renewed 2/17/2015 | 1323343 |  |
| Swoosh on Phantom Shoe* | 25- Footwear | Registered And Renewed 2/3/2015 | 1323342 |  |
| Swoosh w/ Rectangle Design* | 25- Clothing, footwear, headgear 18- Leather and imitations of leather | Registered 9/15/2020 | 6154051 |  |
| TAILWIND | 25- Clothing, headgear | Registered And Renewed 9/19/2015 | 1933600 | |
| TAILWIND | 25- Footwear | Registered And Renewed 6/13/2011 Estimated Renewal Deadline: May 5, 2021 See Trademark Renewal Services | 1153237 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| TECHKNIT | 25- Clothing, headgear | Registered 3/19/2019 | 5700611 | TECH KNIT |
| THERMA-FIT | 25- Clothing | Registered And Renewed 4/5/2014 | 1839775 | |
| TIEMPO | 25- Footwear | Continued Use And Incontestability Accepted 8/20/2018 | 4210491 | TIEMPO |
| TRIAX | 25- Footwear | Registered And Renewed 1/14/2014 | 2810679 | |
| TRUNNER | 25- Footwear | Registered And Renewed 12/24/2012 | 2663568 | |
| VAPORMAX | 25- Footwear | Registered 6/26/2018 | 5503242 | VAPORMAX |
| VOMERO | 25- Footwear | Registered 3/1/2016 | 4908872 | VOMERO |
| WAFFLE | 25- Footwear | Registered and Renewed 4/2/2014 | 1276233 | |

279.     Registrations for the trademarks set forth above are valid, subsisting, unrevoked, and uncancelled.  Additionally, many of Nike's registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065.  Nike also owns common law rights in the above and other trademarks for use in connection with the Nike Products.

280.     The Nike Marks are in full force and effect.  Nike has built substantial goodwill in the Nike Marks and has never abandoned that good will.  As a result, the Nike Marks are famous

marks as that term is used in 15 U.S.C. § 1125(c)(1) and have been continuously used and never abandoned. The innovative marketing and product design of the Nike Products have enabled Nike to achieve widespread recognition and fame and have made the Nike Marks some of the most well-known marks in the athletic apparel and footwear industry, if not all industries.  The widespread fame, outstanding reputation, and significant goodwill associated with the Nike brand have made the Nike Marks invaluable assets.

281.    Nike intends to continue to preserve and maintain its rights with respect to the Nike Marks.  Nike has continuously used the Nike Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Nike Products since their respective dates of first use as noted on the federal trademark registration certificates.

282.    Since its founding in 1964, Nike has designed, advertised, offered for sale, and sold footwear and related products, including apparel, accessories, and equipment.  Among other things, Nike markets and sells athletic footwear, apparel and sporting goods for men, women, and children.  Nike athletic footwear is generally designed for specific athletic use, such as running, basketball, and soccer.

283.    Today, Nike is a multibillion-dollar brand and is the world's leading designer, marketer, and distributor of athletic footwear and apparel products which are marked with the famous Nike trademarks.  In addition to spending significant amounts in support of advertising and promotion of the Nike Products, Nike conducts successful marketing campaigns across various social media platforms, including Facebook, Twitter, YouTube, Instagram, TikTok, and Snapchat, in an effort to further promote the Nike Marks and Nike Products.

284.    Given the success of the brand, Nike spends considerable resources to market advertise, and protect its brand.  To maintain the quality and integrity associated with authentic

Nike Products, Nike controls and limits the distribution of goods authorized to bear the Nike

Marks.  Authentic Nike Products are distributed through authorized online and brick-and-mortar

retailers, distributors, and licensees, as well as Nike-owned websites and retail stores, such as the

Nike NYC store on Manhattan's Fifth Avenue.  Sales of Nike Products via the Nike.com website

are significant.  The Nike.com website features proprietary content, images and designs

exclusive to the Nike brand.

285.    Among the purchasing public, both in the United States and around the world,

genuine Nike Products are instantly recognizable as high quality, innovative, and dependable.

The Nike Marks identify, in the United States and throughout the world, high-quality products

designed and manufactured by Nike.

286.    The widespread popularity of Nike Products has resulted in the Nike Marks

having developed a secondary meaning and significance in the minds of the purchasing public,

and the purchasing public immediately identifies the services and products utilizing and/or

bearing such trademarks with Nike.

**Converse's Business and Marks**

287.    Converse is the owner of the right, title and interest in and to, *inter alia*, the

following well-established trademarks registered with the United States Patent and Trademark

Office (the "**Converse Marks**") which appear on the Infringing Websites:

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|-------|---------|--------------------|--------------------|------------------|
| ALL STAR | 25 - Footwear | Registered 1/27/2004 | 2807854 | |
| ALL STAR | 25 - Athletic shoes | Registered 8/8/1939 | 369971 | |
| ALL STAR | 18 - Sports bags | Registered 4/24/1984 | 1275191 | |
| ALL STAR | 25 - Shirts | Registered 5/1/1984 | 1276236 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| All Star*[2] | 25 - Footwear | Registered 2/10/1981 | 1146876 | ALL★STAR |
| All Star* | 25 - Clothing | Registered 6/18/1996 | 1981319 | ALL★STAR |
| All Star* | 25 - Clothing | Registered 3/13/2001 | 2435789 | ALL★STAR |
| CX* | 25 - Boots and shoes | Registered 5/28/1918 | 121760 |  |
| CHUCK 70 | 25 - Footwear | Registered 4/9/2019 | 5722153 | |
| Ct Signature* | 25 - Clothing | Registered 6/22/2004 | 2856926 |  |
| CHUCK TAYLOR | 25 - Footwear, clothing, headgear | Registered 11/18/2008 | 3534741 | |
| CT* Signature | 25 - Shoes | Registered 7/24/1934 | 315273 |  |
| CONS | 25 - Footwear | Registered 6/21/1988 | 1493265 | |
| CONS | 25 - Clothing, headwear | Registered 8/31/1993 | 1790496 | |
| CONVERSE | 9 - Eyeglasses | Registered 8/3/2004 | 2869353 | |
| CONVERSE | 16 - Books, pens 18 - Book bags | Registered 7/3/2001 | 2466322 | |
| CONVERSE | 18 - Sports bags | Registered 8/10/2004 | 2872822 | |
| CONVERSE | 25 - Clothing, footwear | Registered 4/22/1969 | 868375 | |
| CONVERSE | 25 - Socks | Registered 2/3/2004 | 2810717 | |
| CONVERSE | 26 - Shoe laces | Registered 9/11/2007 | 3289613 | |
| CONVERSE | 25 - Clothing, headwear | Registered 12/20/1994 | 1868363 | |
| CONVERSE | 35 - Retail store services | Registered 11/21/2006 | 3175430 | |
| CONVERSE.COM | 42 - Computer services | Registered 5/22/2001 | 2453856 | |

---

[2]       * indicates unofficial, descriptive title

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Ankle Design* | 25 - Footwear | Registered 5/31/1988 | 1490262 | |
| Converse Circle* | 18 - Sports bags | Registered 12/8/1992 | 1738330 | |
| Converse Circle* | 18 - Book bags | Registered 7/3/2001 | 2466301 | |
| Converse Circle* | 25 - Footwear | Registered 8/5/1980 | 1138469 | |
| Converse Circle* | 25 - Clothing | Registered 2/7/1995 | 1877671 | |
| Converse Circle* | 25 - T-shirts | Registered 3/13/2001 | 2435788 | |
| Converse Circle* | 25 - Headwear | Registered 5/20/1997 | 2063154 | |
| Converse License Plate* | 25 - Clothing, footwear | Registered 9/16/1997 | 2098296 | |
| Converse Star in Box* | 25 - Footwear | Registered 11/29/1977 | 1078480 | |
| Converse Over All Star* | 25 - Footwear | Registered 8/5/1980 | 1138468 | |
| Converse by Star* | 25 - Footwear | Registered 11/23/1971 | 924169 | |
| Converse w Star* | 25 - Footwear, clothing | Registered 8/27/1991 | 1654951 | |
| Converse w Star* | 25 - Clothing, headwear | Registered 11/16/1993 | 1804563 | |
| FIRST STAR | 25 - Footwear | Registered 1/2/2007 | 3191460 | |
| Star | 25 - Footwear | Registered 12/4/1962 | 741662 | |
| Jack Purcell* | 25 - Footwear | Registered 12/1/1953 | 583097 | |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Jack Purcell* | 25 - Footwear, clothing, headwear | Registered 8/5/2008 | 3481708 | *Jack Purcell* |
| Jack Purcell Triangle* | 25 - Footwear | Registered 7/25/1972 | 938918 | *Jack Purcell* |
| One Star* | 25 - Footwear | Registered 12/20/1994 | 1868414 | ONE ★ STAR |
| One Star* | 25 - Clothing, headgear | Allowed Serial No. 87913707 | | ONE ★ STAR |
| RUBBER TRACKS | 41 - Recording studio services | Registered 10/15/2013 | 4417013 | |
| SKIDGRIP | 25 - Footwear | Registered 8/24/1982 | 1206260 | |
| Star And Chevron* | 25 - Footwear | Registered 7/19/2005 | 2973804 |  |
| Star And Chevron* | 25 - Shirts | Registered 11/9/1982 | 1215935 |  |
| Star And Chevron* | 25 - Socks | Registered 2/21/1989 | 1525779 |  |
| Star And Chevron Placement* | 25 - Footwear | Registered 11/23/1976 | 1053338 |  |
| STAR PLAYER | 25 - Footwear | Registered 9/14/2010 | 3847775 | |
| Converse Mid Sole* | 25 - Footwear | Registered and Decl. of Use Accepted 8/2/2019; Section 15 filed 11/16/2020 | 4398753 |  |
| Converse High Top* | 25 - Footwear | Registered: Cancellation Pending | 4065482 |  |

| Title | Classes | Status/Status Date | Registration Number | Trademark Design |
|---|---|---|---|---|
| Converse Low Top* | 25 - Footwear | Registered: Cancellation Pending | 4062112 |  |
| Converse Sole* | 25 - Footwear | Registered 3/27/1990 | 1588960 |  |
| Converse Sole* | 25 - Footwear | Registered 7/3/2007 | 3258103 |  |
| Converse Toe* | 25 - Footwear | Registered 9/10/1996 | 1998884 |  |
| Sole of a Shoe Design | 25 - Footwear | Registered 9/24/1991 | 1658256 |  |
| Star In Box* | 25 – Footwear | Registered 1/22/1991 | 1632413 |  |
| Star In Circle* | 25 – Footwear | Registered 8/24/1993 | 1789476 |  |
| WEAPON | 25 - Footwear | Registered 2/4/2003 | 2683548 | |

288.     Registrations for the trademarks set forth above are valid, subsisting, unrevoked, and uncancelled.  Additionally, many of Converse's registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065.  Converse also owns common law rights in the above and other trademarks for use in connection with the Converse Products.

289.     The Converse Marks are in full force and effect.  Converse has never abandoned the Converse Marks, nor has Converse ever abandoned the goodwill of its business in connection with the Converse Marks.  Converse intends to continue to preserve and maintain its rights with respect to the Converse Marks.

290.    Founded in 1908, Converse is engaged in the design, distribution, and sale of sneakers, skating shoes, lifestyle brand footwear, apparel, and accessories, which are offered for sale all over the world and throughout the United States.

291.    In 1917, Converse's predecessor-in-interest introduced a high-top basketball shoe that would eventually be known as the "Chuck Taylor All Star."  In 1946, Converse's predecessor redesigned the "patch" located on the ankle of the Chuck Taylor All Star high-top shoe.  Later, in 1962, the same entity introduced a "low-cut" version of the Chuck Taylor All Star.  The same outsole pattern has remained substantially the same since its initial use in 1920.

292.    The Converse brand is a multibillion-dollar brand.  In the past decade, Converse has earned billions of dollars in revenue from sales of Converse Products in the United States alone.  Converse-branded products have become enormously popular and even iconic, driven by Converse's high-quality standards and innovative design.  Among the purchasing public, genuine Converse Products are instantly recognizable as such.  In the United States and around the world, the Converse brand has come to symbolize high quality, and Converse Products are among the most recognizable footwear, apparel and accessories in the world.

293.    The success of the Converse Products and the Converse Trademarks has been covered in many media outlets.  For example, two books—CHUCKS!: THE PHENOMENON OF CONVERSE CHUCK TAYLOR ALL STARS and CHUCK TAYLOR, ALL STAR: THE TRUE STORY OF THE MAN BEHIND THE MOST FAMOUS ATHLETIC SHOE IN HISTORY—have focused on the popularity of the Converse Products.  Additionally, a number of celebrities have collaborated with Converse to release special edition Converse Products, including John Lennon, Jimi Hendrix, Kurt Cobain, John Varvatos, The Ramones, Dr. Seuss, Gorillaz and Comme des Garçons, to name a few.

Recently, Vice-President Elect Kamala Harris wore Converse shoes while on the campaign trail, garnering additional media attention.

294.    The widespread popularity of the Converse Products has resulted in the Converse Marks having developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Converse.

## THE COUNTERFEIT PRODUCTS

295.    The success of the Nike and Converse brands has made them a prime target for counterfeiting.  In this action alone, Plaintiffs have identified that Defendants are operating at least 589 Infringing Websites and 676 Infringing Social Media accounts, advertising and selling Counterfeit Products.

296.    Defendants, without any authorization or license from Plaintiffs, have willfully and intentionally used, reproduced and/or copied the Nike and Converse Marks in connection with manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell Counterfeit Products.  Defendants advertise, offer to sell, and sell Counterfeit Products to both New York and United States consumers via the Internet through hundreds of unauthorized Infringing Websites and advertising on Infringing Social Media.  Defendants have shipped at least certain of the Counterfeit Products into the State of New York and this District.

297.    The vast majority of Defendants' Infringing Websites contain either vague or completely false statements as to the authenticity of the products being offered for sale.  Others claim to sell "unauthorized authentic" Nike or Converse Products that are, in reality, Counterfeit Products.  In other cases, Defendants' Infringing Websites freely admit that the products being

offered for sale are "replica" versions of Nike or Converse Products, with "replica" being a common euphemism used to describe counterfeit goods.

298.    Defendants' manufacturing, advertisement, distribution, and sale of Counterfeit Products will result in consumers being deceived and misled into believing that Defendants' products or activities are authorized or sponsored by Plaintiffs, or cause mistake or deception either at the point of sale or post-sale when consumers, or potential consumers, see the Counterfeit Products in use.

299.    For example, shown below on the left is an imagine of an authentic Nike Air Max 270 React SE Men's Shoe.  The image of the authentic Nike Product displayed below bears the federally registered Swoosh Design trademark  (U.S. Reg. No. 1323343).  Shown on the right is an image of a Counterfeit Product offered for sale by the Defendant in Network 2 through the website fyysports.co, and is described by Defendants as "Nike Air Max 270 React Running Shoes – Black/Green_21469."  The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic Nike Product.  The overall effect of the Counterfeit Product is not only confusingly similar to the design of the authentic product on the left, it also bears an exact copy of Nike's federally registered Swoosh Design.

| AUTHENTIC | COUNTERFEIT |
| --- | --- |
|  | |

300.    Similarly, shown below on the right is an image of a listing for "Converse Chuck Taylor All-Star 70s Kith X Coca Cola Navy" for $129.00 from g5tony.net, which is a part of Defendant Network 40.  The listing for the Counterfeit Product shows ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic Converse Product.  The overall effect of the Counterfeit Product is not only confusingly similar to the design of the authentic product on the left, it also bears an exact copy of Converse's federally registered CONVERSE, ALL STAR and CHUCK TAYLOR marks.

| AUTHENTIC | COUNTERFEIT |
|-----------|-------------|
|  | |

301.    In addition to offering for sale products designed to replicate existing Nike and Converse Products, the Defendants also apply copies of Plaintiffs' Marks to products that Plaintiffs have never sold.  For example, the Nike Air Force 1 Low China Hoop Dreams CK0732-100 offered by www.footskicks.co in Network 6 is being sold with style numbers and in colors that Nike never released.  This AF1 Hoop Dreams shoe was only ever released in a Black/White-Red colorway with style number CK0732-081.  An authentic shoe being sold by footkicks.co (as well as other Infringing Websites) does not exist.

302.     All of the Defendants' Counterfeit Products follow the pattern described above—
each product copies the ornamentation, design and/or labeling of an authentic Nike or Converse
Product and most bear exact copies of one or more of the Plaintiffs' Marks.  Through their
Infringing Websites and Infringing Social Media, Defendants offer for sale thousands of such
Counterfeit Products falsely labeled as "Nike" or "Converse."  Defendants offer their Counterfeit
Products directly to consumers through their Infringing Websites, Infringing Social Media, and
also on a wholesale basis to other purveyors of Counterfeit Products.

303.     Plaintiffs confirmed the counterfeit nature of the products offered for sale by
Defendants through a visual inspection of the Infringing Websites, including cross-referencing
the Infringing Websites against a list of authorized sellers of Plaintiffs' Products.

304.     In addition, Plaintiffs have confirmed the counterfeit nature of the products
offered for sale by Defendants by inspecting goods that Plaintiffs' investigator purchased from
the Infringing Websites.  Plaintiffs' investigator placed orders for Counterfeit Products through
at least one Infringing Website in each Defendant Network.  To date, Plaintiffs have received
Counterfeit Products from 36 networks.  Plaintiffs have inspected the purchases received by their
investigator as a result of orders placed through the Infringing Websites and, in each instance,
determined that the product received was a Counterfeit Product.

305.     The products offered for sale by Defendants are not authentic Nike or Converse
Products.  Plaintiffs did not manufacture, inspect, or package the Counterfeit Products, and did
not approve the Counterfeit Products for sale and/or distribution.  Even though the Defendants'
Counterfeit Products are of inferior quality, they appear superficially similar, and in some cases
superficially identical, to genuine Nike or Converse Products.  The design of the Counterfeit
Products and the display of the Plaintiffs' Marks on and in connection with the Counterfeit

Products communicate to consumers—and may confuse consumers into believing—that the Counterfeit Products were manufactured, licensed, approved or sponsored by, or otherwise affiliated with, Plaintiffs.

306.    Defendants have offered these Counterfeit Products for sale without permission, authority or license from Plaintiffs and, upon information and belief, such actions were taken in bad faith with full knowledge of Plaintiffs' ownership of and/or exclusive rights to use and license the Nike and Converse Marks.  At all relevant times and in furtherance of their infringing activities, Defendants have willfully and intentionally used and continue to use the Plaintiffs' Marks on their Counterfeit Products.

307.    In particular, Defendants make liberal use of Plaintiffs' Marks on their websites and related social media accounts to make an explicit connection between their Counterfeit Products and genuine Nike or Converse Products.

308.    For example, set forth below is a true and accurate screenshot from one page of the Infringing Websites operated by the Network 9 Defendants, www.nikecraze.com, in which Defendants describe their products as "Nike" shoes and make liberal use of the Nike Marks in marketing their Counterfeit Products, including in the website's domain name.



309.    This website is also associated with at least two Facebook pages, kicks-craze-204758129718897 and dfysneakers.  These Facebook pages have 14,185 and 1,195 followers respectively.  As shown below, kicks-craze-204758129718897 advertises Nike Air Jordan and Nike Kyrie Irving shoes, directing users to purchase them from www.nikecraze.com.

**Kicks-Craze-204758129718897 Facebook**



**DFYSneakers Facebook**



310.     As set forth below, at URL https://nikecraze.com/product-category/ua/, the Infringing Website www.nikecraze.com specifically advertises that it sells "unauthorized authentic" shoes.  The websites state: "The shoes in this category are listed as 'UA' which stands for unauthorized authentic.  Unauthorized authentic means that they were made in the same factory and with the same materials as the original product, but sold by someone other than the

retail company."  Despite Defendants' statements, the Counterfeit Products listed on

www.nikecraze.com are not authentic.  On their FAQ page available at URL

https://nikecraze.com/frequently-asked-questions/, Infringing Website www.nikecraze.com

further details that it is selling "replica", "fake", and "unauthorized authentic" products.



311.    Similarly, set forth below is a true and accurate screenshot from one page of the

Infringing Websites operated by the Network 12 Defendants, www.withsneaker.com, in which

Defendants describe their products as "Converse" shoes and make liberal use of the Converse Marks in marketing their Counterfeit Products.



312.    Additionally, as set forth below, uashoe.com, which is operated by Defendants in Network 14, is advertising and selling counterfeit "Converse" products.



313.    Upon information and belief, the "ua" in the domain name, uashoe.com, likely stands for "unauthorized authentic." Yet, Defendants attempt to confuse their consumers into thinking the products are actually authentic, explaining their shoes are cheaper than those on other websites because they are "a new entry to [the online kicks environment] and [they] want to stay here for a while." These products are not authentic.



HOME > FAQ

## FAQ

**\*Do your products are authentic?**
Yes. We ship some product directly from China. We do have overseas manufacturing, so some products are shipped from China where it goes through our quality control process. Our manufacturing facilities are strictly controlled under US labor regulations. So the box shows it shipped from China can be authentic.

**\*Why your products are cheaper than other websites?**
The online kicks environment is competitive. There are many established vendors out there with years of experience and repeat customers backing their success. We are a new entry to this line and we want to stay here for a while. Because of our desire for success we are taking a chance by slashing profits to generate customer loyalty — we know once you buy one item from us, you are not going to be shopping anywhere else. Also, as we are an e-store, we can keep our prices to a minimum due to low overhead costs thus passing on the savings to our growing dedicated customer base.

**\*How do i place the order?**
1.Place your order:
Choose all items you need and select the quantity click the button "Add To Cart" ,then submit the order when all items have been chosen, finally click the yellow button "proceed to checkout",Fill in your mailbox and contact information .pls pay attention to write down your right receiver information and email adress, so that we can contact u correctly !
2.Confirm your order:
After geting your order,we will send you an order confirmation,which include total price and our payment information.pls pay attention to your email after u place order .
3.Make the payment
Make the payment by Paypal on website derectly Or payment by western union or transferwise
4 .Make the shipment:
We will send your stuff out within 48 hours once we receive your payment , and offer you the tracking number by email once your stuff has been shipped.
5.Track your stuff and receive them.
we will let u know tracking number and tracking web link by email, pls attention to check your package ,and if u meet any problem of package ,pls contact us ,we will help u to solve it . Any questions contact us by e-mail :uashoeservice688@gmail.com

**\*How do I cancel an order?**
Please contact our customer service via email within 24 hours of purchase. But please be advised that sometimes the items are shipped within 24 hours after the placement of the order, depending on the time you place the order – the closer to the parcel pick-up time (by shipping companies), the faster the items are shipped.

**\*How do I look for goods that are not listed on your site?**
If you are looking for goods we don't list on our site. Please click contact with us with a picture, a serial number or the model number of the goods. The more details given, the easier and quicker to locate the goods in the factory.

**\*What can I do, if I cannot place an order successfully online?**
Please contact our customer service.

**\*How do you ensure my products after I finish payment?**
Within 3 working days after you finish payment, we will send detailed list which is including: order number, payment time, tracking number of the express, payment sum, products'name purchased, and amount, expiration date, probably deliver time.



314.     In addition to their unlawful sale of Counterfeit Products, and in an effort to

further confuse consumers, Defendants have registered and frequently locate their Infringing

Websites at Infringing Domain Names that are identical to (or confusingly similar to) the Nike

Marks.  The Infringing Domain Names use Nike Marks, including the federally registered AIR

JORDAN, Nike, VAPORMAX, AIR MAX, PRESTO, NikeFACTORYSTORE, AIR 270, CORTEZ, FLYKNIT, AIR FORCE 1, NikeFREE, and DUNK trademarks, as reflected in Exhibit 3.  Defendants have also registered and used Infringing Domain Names that are identical to the Converse Marks, including the federally registered CONVERSE mark, as reflected in Exhibit 3.

315.    The Defendants' use of Infringing Domain Names in connection with websites selling Counterfeit Products—unauthorized products that are purposefully designed to replicate genuine Nike Products and/or bear exact copies of the Nike or Converse Marks—further contributes to the likelihood that consumers and potential consumers will be misled into believing that Defendants' Infringing Websites and Counterfeit Products are somehow authorized or sponsored by Nike or Converse.

316.    Upon information and belief, in order to evade disruption of their business as a result of anti-counterfeiting enforcement, Defendants have registered a large portfolio of domain names to use should one of their Infringing Websites be detected and shut down.

317.    Defendants have gone to great lengths to avoid being held accountable for their unlawful acts and to ensure that their illicit counterfeiting operations will not be impeded by brand owners like Plaintiffs or law enforcement.  Defendants intentionally conceal their true identities by conducting business only electronically over the Internet and by utilizing fictitious and/or incomplete names and contact information in nearly all facets of their business.

318.    Despite the Defendants' attempts to remain anonymous, as a consequence of conducting their counterfeiting operations electronically, the Defendants must interact with legitimate financial institutions in order to accept customer payment for the Counterfeit Products and to transfer the proceeds from these illicit sales into Defendants' own financial accounts.

319.     On information and belief, Defendants make use of the services of at least the following banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of assets in order to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein, or use such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein:  (1) PayPal; (2) MasterCard, Visa, American Express, and/or Discover; (3) Bank of China; (4) Western Union; (5) MoneyGram; (6) Zelle; (7) Bitcoin; (8) Google Pay; (9) Venmo; (10) AliPay; (11) TransferWise; (12) WeChat Pay; (13) WorldRemit; and (14) through banks.

320.     Many Infringing Websites provide Payment Guides to help consumers buy their Counterfeit Products.  For example, Infringing Website www.omgkickz.com advertises that consumers can purchase their Counterfeit Products through PayPal, TransferWise, and Western Union.  In connection with the advertised payment methods, information found on www.omgkickz.com provides consumers with, for example, certain Defendant's names, Chanyong Chen and Qunying Chen; certain card numbers, such as a card ending in 2820; and the email address hypeskick@gmail.com.

## FIRST CAUSE OF ACTION

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114(1)(a))

321.     Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

322.     As set forth above, a number of Plaintiffs' Marks are subject to registration on the Principal Register of the United States Patent and Trademark Office.  Plaintiffs' Marks and the goodwill of the businesses associated with them in the United States and throughout the world

are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with products and services of the very highest quality and reputation.

323.    Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of their Counterfeit Products, and are likely to deceive the public into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiffs, all to the damage and detriment of Plaintiffs' reputation, goodwill and sales.

324.    Defendants' unauthorized use of the Plaintiffs' Marks constitutes trademark infringement of Plaintiffs' federally registered trademarks, the full extent of which is presently unknown but is substantial.  This has caused damage to Plaintiffs and the substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

325.    Defendants' actions described above, including the unauthorized use of the Plaintiffs' Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiffs, to the Plaintiffs' Marks, and to the business and goodwill represented thereby, leaving Plaintiffs with no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Trademark Counterfeiting Under Sections 32, 34 and 35,
of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), & 1117(b)-(c))

326.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

327.    Without Plaintiffs' authorization or consent, and having knowledge of Plaintiffs' well-known and prior rights in the Plaintiffs' Marks, Defendants have distributed, advertised, offered for sale and/or sold their Counterfeit Products to the consuming public in direct competition with Plaintiffs, in or affecting interstate commerce.

328.    Defendants' Counterfeit Products reproduce, counterfeit, copy, and colorably imitate the Plaintiffs' Marks or display spurious designations that are identical with, or substantially indistinguishable from, the Plaintiffs' Marks.  Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendants' Counterfeit Products, which is likely to cause confusion, or to cause mistake, or to deceive.

329.    Defendants' unauthorized use of the Plaintiffs' Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by Plaintiffs.  Defendants' actions constitute willful counterfeiting of the Plaintiffs' Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

330.    As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damage to their valuable trademarks and other damages in an amount to be proved at trial.

331.    Plaintiffs do not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Counterfeit Products unless this Court enjoins Defendants from such fraudulent business practices.

## THIRD CAUSE OF ACTION

(False Designation of Origin Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

332.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

333.    As a result of Plaintiffs' experience, care, and service in producing and providing genuine Nike and Converse Products, these products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, the Plaintiffs' Marks have become associated with the respective Plaintiffs' Products, and have come to symbolize the reputation for quality and excellence associated with Plaintiffs and authentic products produced by them.  As such, the Plaintiffs' Marks have attained secondary meaning.  The Plaintiffs' Marks are also inherently distinctive.

334.    Defendants' use of the Plaintiffs' Marks on or in connection with the Counterfeit Products, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the Counterfeit Products, and is likely to cause such people to believe in error that the Counterfeit Products have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

335.    Defendants' actions, including but not limited to their unauthorized use in commerce of the Plaintiffs' Marks, constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which have caused, and are likely to cause, confusion, mistake and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

336.    Defendants' actions as described above, including their unauthorized, false, and misleading use in commerce of the Plaintiffs' Marks on Counterfeit Products and other uses of Plaintiffs' Marks in interstate commerce, have caused, and unless restrained, will continue to

cause, great and irreparable injury to Plaintiffs, and to the business and goodwill represented by

the Plaintiffs' Marks in an amount that cannot presently be ascertained, leaving Plaintiffs with no

adequate remedy at law.

## **FOURTH CAUSE OF ACTION**

(Trademark Dilution Under the Federal
Trademark Dilution Act, 15 U.S.C. § 1125(c))

337.   Plaintiffs repeat and reallege each and every allegation in the foregoing

paragraphs as if fully set forth herein.

338.   The Plaintiffs' Marks are famous within the meaning of the Trademark Dilution

Revision Act of 2006.  Among other things:  (1) the Plaintiffs' Marks have a high degree of

inherent distinctiveness; (2) the Plaintiffs' Marks have been used continuously for decades

throughout the United States to promote many goods and services; (3) Plaintiffs and their

authorized licensees have advertised and publicized the Plaintiffs' Marks continuously for

decades throughout the United States; (4) Plaintiffs have used their trademarks in a trading area

of broad geographical scope encompassing all of the states and territories of the United States;

(5) the Plaintiffs' Marks are among the preeminent marks in the relevant market; (6) the

Plaintiffs' Marks have an extremely high degree of recognition among consumers; (7) there are

no trademarks similar to the Plaintiffs' Marks; and (8) many of the Plaintiffs' Marks are the

subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

339.   Because Plaintiffs' Products have gained a reputation for superior quality and

excellence, the Plaintiffs' Marks have gained substantial renown and reputation.

340.   Defendants' use of the Plaintiffs' Marks is likely to blur the Plaintiffs' Marks and

impair their distinctiveness.  Consumers are likely to associate Defendants' uses of the Plaintiffs'

Marks with the Plaintiffs' Marks themselves because of the similarity between Defendants' use

of the Plaintiffs' Marks and the Plaintiffs' Marks themselves.  In particular, the following factors make dilution by blurring likely:  (1) Defendants are making use of the Plaintiffs' Marks themselves; (2) the Plaintiffs' Marks have acquired tremendous distinctiveness through Plaintiffs' continuous promotion and use of their respective Marks; (3) the Plaintiffs' Marks have become famous and achieved a high level of recognition among the consuming public; (4) Plaintiffs' commercial use of their respective Marks is substantially exclusive to Plaintiffs and their agents and licensees; (5) on information and belief, Defendants intend to create an association between Defendants' uses of the Plaintiffs' Marks and the Plaintiffs' Marks themselves; and (6) on information and belief, many consumers actually associate Defendants' uses of the Plaintiffs' Marks or marks confusingly similar thereto with the Plaintiffs' Marks themselves.

341.    Defendants' conduct as alleged above is also likely to cause tarnishment and harm to the reputation of the Plaintiffs' Marks because of the similarity between Defendants' uses of the Plaintiffs' Marks and the Plaintiffs' Marks themselves.  In particular, the Counterfeit Products sold, offered for sale, and/or distributed by Defendants display the Plaintiffs' Marks in a manner that is confusingly similar to Plaintiffs' Products and therefore mislead consumers into believing that the Plaintiffs' Products are of low quality.

342.    Defendants' conduct described above dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Plaintiffs' Marks, and has caused actual dilution and has detracted from the distinctiveness of the famous Plaintiffs' Marks with consequent damage to Plaintiffs, and to the substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

343. Defendants' acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Plaintiffs, to the Plaintiffs' Marks, and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Plaintiffs with no adequate remedy at law.

344. Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Plaintiffs and to cause dilution of the famous Plaintiffs' Marks, and this conduct entitles Plaintiffs to damages and other remedies available pursuant to 15 U.S.C. § 1125(c)(2).

## FIFTH CAUSE OF ACTION

### (Trademark Infringement Under New York Law)

345. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

346. Defendants' acts as described above constitute trademark infringement under New York common and/or statutory law.  N.Y. Gen. Bus. Law §§ 360-k, 360-o.

## SIXTH CAUSE OF ACTION

### (Trademark Dilution Under New York Law)

347. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

348. Defendants' acts as described above dilute and detract from the distinctiveness of the famous Plaintiffs' Marks, resulting in damage to Plaintiffs and the substantial business and goodwill symbolized by the Plaintiffs' Marks in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION

### (Unfair Competition Under New York Law)

349.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

350.    Defendants' acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

## EIGHTH CAUSE OF ACTION

(Deceptive Acts and Practices Under New York Statutory Law)

351.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

352.    Defendants' acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## NINTH CAUSE OF ACTION

(Trademark Cyberpiracy Under the Federal
Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

353.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

354.    The Infringing Domain Names are identical or confusingly similar to one or more of the Nike and Converse Marks.

355.    Defendants registered and have used the Infringing Domain Names with a bad-faith intent to profit from the use of the Nike Marks, which were both famous and distinctive at the time Defendants' domain names were registered.

356.    Defendants have no trademark or other intellectual property rights in the Infringing Domain Names.

357.    Defendants' registration and use of the Infringing Domain Names are likely to cause consumers mistakenly to believe that Defendants' Infringing Websites are approved by,

sponsored by, or otherwise affiliated with Nike.  Defendants' registration and use of the

Infringing Domain Names is likely to detract from the distinctiveness of the famous Nike Marks.

By engaging in the activities described above, Defendants are engaging in cyberpiracy in

connection with services distributed in interstate commerce in violation of Section 43(d) of the

Lanham Act, 15 U.S.C. § 1125(d).

358.    Defendants' acts of cyberpiracy have caused and are causing great and irreparable

injury to Nike and the Nike Marks, and the business and goodwill represented thereby, in an

amount that cannot be ascertained at this time and, unless restrained, will cause further

irreparable injury, leaving Nike no adequate remedy at law.

359.    Defendants are causing, and will continue to cause, substantial injury to Nike and

to the public if their unlawful activity is not enjoined by the Court.

360.    By reason of the foregoing, Nike is entitled to injunctive relief against

Defendants, restraining further acts of cyberpiracy, and the damages provided for in 15 U.S.C. §

1117(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1.    Immediately and permanently enjoin Defendants, their officers, directors,

agents, representatives, successors or assigns, and all persons acting in concert or in

participation with any of them, from:

(a)    using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or

colorable imitation of Plaintiffs' Marks, or any mark confusingly

similar thereto or likely to dilute or detract from the Plaintiffs' Marks,

in connection with manufacturing, distributing, delivering, shipping,

importing, exporting, advertising, marketing, promoting, selling or

offering for sale Counterfeit Products or any other products

confusingly similar to Plaintiffs' Products, or that otherwise bear,

contain, display, or utilize any of the Plaintiffs' Marks;

(b)      making or employing any other commercial use of the Plaintiffs'

Marks, any derivation or colorable imitation thereof, or any mark

confusingly similar thereto or likely to dilute or detract from the

Plaintiffs' Marks;

(c)      using any other false designation of origin or false description or

representation or any other thing calculated or likely to cause

confusion or mistake in the mind of the trade or public or to deceive

the trade or public into believing that Defendants' products or

activities are in any way sponsored, licensed or authorized by or

affiliated or connected with Plaintiffs;

(d)      using or transferring ownership of the Infringing Websites or

Infringing Domain Names, or registering or using any other domain

names incorporating Plaintffs' Marks, in whole or in part;

(e)      using or transferring ownership of the Infringing Social Media, in

whole or in part;

(f)      doing any other acts or things calculated or likely to cause confusion

or mistake in the mind of the public or to lead purchasers or consumers

or investors to believe that the products or services promoted, offered,

or sponsored by Defendants come from Plaintiffs or their licensees, or

are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

(g)     moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(h)     removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Infringing Websites or Infringing Social Media, Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

(i)     further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

(j)     otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner;

(k)        secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of Defendants' assets from or to Defendants' financial accounts until further ordered by this Court; and

(l)        assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (k), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (k).

2.        Direct Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, to:

(a)        account to Plaintiffs for their profits and order that Plaintiffs recover each Network of Defendants' illicit profits, and a sum equal to three times each Network of Defendants' profits, pursuant to 15 U.S.C. § 1117(b); or, in the alternative,

(b)        award Plaintiffs damages arising out of Defendants' acts of deception and infringement described above, and a sum equal to three times each Network of Defendants' damages, pursuant to 15 U.S.C. § 1117(b); or, in the alternative,

(c)        award Plaintiffs statutory damages against each Network of Defendants, as calculated in the attached Exhibit 7, representing the statutory maximum of $2 million for each and every Nike and

Converse Mark that Defendants willfully counterfeited and infringed per type of good sold, offered for sale, or distributed by each Network of Defendants, pursuant to 15 U.S.C. § 1117(c);

3.      Award Plaintiffs statutory damages of $100,000 per Infringing Domain Name listed in Exhibit 3 for Defendants' willful cyberpiracy, pursuant to 15 U.S.C. § 1117(d);

4.      Award Plaintiffs punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendants' gross, wanton, willful, and malicious conduct;

5.      Direct Defendants to recall and remove from all stores, shops, markets, outlets, catalogues, websites, social media, or other channels of commerce any Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same;

6.      Direct Defendants to deliver up for destruction all Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

7.     Direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of Defendants bearing any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in accordance with 15 U.S.C. § 1118;

8.     Direct Defendants to supply Plaintiff with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, and to provide the manner through which the Counterfeit Products or other products were paid, including any bank accounts to, through, or from which funds were wired;

9.     Award Plaintiffs reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h);

10.    Order that Defendants are prohibited from registering any other domain names incorporating, in whole or in part, any word or mark identical or similar to the trademarked Nike or Converse names, or otherwise making use of the Plaintiffs' Marks;

11.    Order that Defendants are prohibited from registering or creating any other social media incorporating, in whole or in part, any word or mark identical or similar to

the trademarked Nike or Converse names, or otherwise making use of the Plaintiffs' Marks;

12.     Order that the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Nominet UK, Registry Services, LLC, Club Domains, LLC, Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites shall immediately disable the domain names of Defendants' Infringing Websites, through a registry hold or otherwise, and make them inactive and untransferable;

13.     Order the social media entities and/or the individual social media entities holding or listing one or more social media accounts used in conjunction with Defendants' Infringing Social Media shall immediately disable the Infringing Social Media and make them inactive and untransferable;

14.     Order that Defendants' assets be restrained and frozen pending the outcome of this action so that Plaintiffs' right to the equitable relief set forth in this Complaint is not later rendered meaningless;

15.     Order that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Article 52 of New York State's Civil Practice Law and Rules, and the Court's inherent and equitable powers to issue remedies ancillary to its authority to provide final relief, all of Defendants' assets be permanently restrained and frozen, regardless of whether the assets are located in the United States or aboard, except that the Defendants may transfer the funds on deposit to Gibson Dunn's client trust account;

16.     Direct Defendants to file with the Court, and serve on counsel for

Plaintiffs within thirty (30) days after entry of any injunction issued by the Court in this

action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail

the manner and form in which Defendants have complied with any injunction which the

Court may enter in this action; and

17.     Award Plaintiffs such other and further relief as the Court deems just and

proper.

Dated: January 12, 2021
New York, New York

By:     /s/ Robert Weigel
        Robert Weigel
        rweigel@gibsondunn.com
        Howard S. Hogan
        hhogan@gibsondunn.com
        Lauren M.L. Nagin
        lnagin@gibsondunn.com
        Alexandra Leigh Grossbaum
        agrossbaum@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000

*Attorneys for Plaintiffs Nike, Inc. and
Converse Inc.*