UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

NIKE, INC. and CONVERSE INC.,          :

               Plaintiffs,          :

     v.                       :   21-Cv-248 (SHS)

WWW.PERFECTKICKS.ME a/k/a     :

YUFANG1990789@163.COM, *et al.*,   :   AMENDED ORDER
                                  :   TO SHOW CAUSE

          Defendants.       :

                                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Nike, Inc. ("**Nike**") and Converse Inc. ("**Converse**" and together with Nike

"**Plaintiffs**"), having moved by order to show cause *ex parte* against Defendants www.perfectkicks.me

a/k/a yufang1990789@163.com; Huangjinhuang; wang ziyue; HK Haoyuntong Trade Co. Ltd.; Tony

Xiong; dehua liu; www.fyysports.co a/k/a CHENLIKEJIY; chen nvshi; xiaochai chen; Chen Hongyun;

Jusan Qiao; www.airjordan1og.com a/k/a HONGBIN LI; Karel Stehno; ACO Marine s.r.o.; CRISTIANO

SAGESE; Suyu Julio; Yuan Jing Cai; Carlotta Murrah; HK Weigehuang Trade Co. Ltd.; chen ting;

Aryata Solutions; Julian Vazquez; Ninguna; Yong An Pan; zhang xiao ming; Bob Wallace; John Dunphy;

Xu Jin Jian; Cheng Kevin; Riccardo Romagnoli; Hanin Larsson; Najma Bergqvist; Chen Lei; Darryl

Johnson; Alfid van Arista; Lindgren Obeirg; Daniel Brown; Tao Cheng; essie hunt; Svensson Hellstrom;

Xue Lin; Huizhou Huangyuan Trading Co., Ltd.; Sofka Jessica; xioaoliu yang; JAMES CLEARY; Amin

Pochi; gordon emy; Luxury Brand Holdings, Inc.; Judy Kelly; Olga Lofgrent; Quartilla Castiglione; Shi

Ma Guan; Bin Peng; Jian

Chao Mao; Cheng Zhang; Shi Hua Zhang; pramod jayle; Fan Yu; Bjork Melikssa; Holly Morin;

Joseph Richardson; Mateo Amaral; Calvin Villani; www.fitmysole.com a/k/a LIANGHAIJUN;

Haijun Liang; gueijuan xu; www.anpkickz.com a/k/a Rmb Rain Inc; www.footskicks.co a/k/a

MRFASHION666; Fengqing Wu; YuanQing Guo; Sunlife Electrical Contracting LLG; qin

xuelu; www.brandsneakertwins.com a/k/a 343187552@qq.com; Ruby Wang; HK Bairun Trade

Co. Ltd.; www.jdfoot.com a/k/a HELLOALLTOP a/k/a Jessi966; Jacky Ji; LBEX Global

Logistics; Ruimei Qiu; Lorrin Luo; www.nikecraze.com a/k/a SOPHORN CHHAY; HK

Maiyuntong Trade Co. Ltd.; www.cheapinus.com a/k/a SS*newbeecomshop; Zhu yan;

Guanguiwang; Gao qin long; yang yang; yue min liu; www.kd11sale.com a/k/a GLGHVCA;

Succe Olive; Ludwig Rhys; www.withsneaker.com a/k/a CCS8845; Franklyn Ugolini; xiang dao

xin xi ji shu you xiang gong si; www.omgkickz.com a/k/a OMG KICKZ a/k/a Xuwei Lin;

www.uashoe.com a/k/a OMG KICKZ a/k/a Xuwei Lin; Qunying Chen; HK Gemaikang Trade

Co. Ltd.; Shuang Xu; Biyun Huang; www.uaplg.com a/k/a XENDIT*UAPLG; HK Xutaimai

Trade Co. Ltd.; Scott Cutler; www.unhs.net a/k/a Yunxiang Fan; Dai Bing; www.ow-factory.ru

a/k/a liangumeitpr@yeah.net; Weiqin Yu; YCS Bonnie Li; Paoluo E Commerce Company;

www.gmkim.co.ua a/k/a gmkim@foxmail.com; zhangjian; HK Baozhou Trade Co Ltd.;

www.sneakerwill.com a/k/a Yang Jianxin; Yun Kuang Se Niu Trade Co Ltd.;

www.jordans2019shoes.com a/k/a EPL*CNHLONFI LTD; MingLiang Luo;

www.voguewho.com a/k/a CHENDONGSONG; Chenhoushan; Huahuai Yihetang Guihai

Trading Co.; www.onkicks.com a/k/a enjoybuy@live.com; Anne Sen; Austin Lan;

www.snkes.org a/k/a 198363048@qq.com; chen li; gueijuan xu; www.outletsfire.com a/k/a

dgnettc; Huayimei; Karen Walters; Robert Slay; www.sneakerahead.org a/k/a

xl77889@126.com; David Jones; www.xkshoes.com a/k/a Lin Zhimin; Jonny Fly; HK

Haolingjin Trade Co. Ltd.; www.nikefactorys.us a/k/a GUOPING QI; Sheila Vega; Henry

Gonzales; Roy Jimenez; Jocelyn McKinney; Robert Vasquez; Geraldine McCann; NA Shen Yi

Zhe Trade Co. Ltd.; Eileen Hollingsworth; Scott Pamela; Rachel Albrecht; Michael Harrison;

Maurice Henry; Oliver Smith; www.muks-store.com a/k/a 514643810@qq.com;

www.repsneakers.org a/k/a Rep Sneakers; zhi gao lu; Huanhuan Lu; www.kickze.com a/k/a

taschnerpx2@gmail.com; Meizhu Fang; Xiong Meng; Liying Zhu; Kenny Lee; Golden Bridge

E-Commerce Ltd.; Hiking Electronic Trading LLC c/o DTDC DAFZA; www.hypereps.com

a/k/a Ahmeel Fowler; Zhangjun; www.artemisselectkick.com a/k/a shixundo@sina.com; ren

yuyi; qiu xiangping; lin shao bi; lian li; www.mybestsneakers.com a/k/a Xu Dongmei;

www.monicasneaker.vip a/k/a Gao Lingfeng; huang quanshan; www.chansneakers.com a/k/a

lhy090121@163.com; Aiduk Trd Cl Ltd.; Jackie Chan; www.perfectkicks.org a/k/a luxurystyle;

www.uabat.com a/k/a finance@uabat.com a/k/a hu@heromedialtd.com; Hero Media Co.,

Limited; www.boolopo.com a/k/a support@boolopo.com; Duzie Yaya Zheng Trading Co.;

www.soleshop.me a/k/a 123729466@qq.com; Qichuang John; Zhifu Duzie Jiushi Trading Co.;

www.wonderkicks.com a/k/a Haiyue Wen; www.g5tony.net a/k/a Zhang Yaodan; Zhang Xu;

www.goaljerseys.co a/k/a Guangying; gaoweijia; Jack Ma; HK Wenmo Trade Co. Ltd.;

www.macseven.net a/k/a SEVEN; Gun Meng Na Dan Trade Co. Ltd.; Caoqun Wu; along with

the list of websites, social media accounts, email addresses, alias names, including any Chinese

character alias names, and entities identified as members of the 42 networks of defendants as set

forth in Attachment 1 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and

incorporated as if set forth expressly herein; ABC Companies 1-100; and John Does 1-100

(collectively, "**Defendants**") for a temporary restraining order, asset restraining order, order

authorizing expedited discovery, order disabling websites, order disabling social media

accounts, and bifurcated and alternative service of process by

electronic mail, and preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and

the Lanham Act (15 U.S.C. § 1051 et seq.), for the reason that Defendants are manufacturing,

importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods

bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names,

and/or logos as set forth in Plaintiffs' Complaint in this action (collectively, "**Plaintiffs'**

**Marks**"), which are owned and controlled by Plaintiffs, and the

Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and

exhibits submitted therewith, finds that plaintiffs are entitled to the temporary relief they

seek on an *ex parte* basis. Accordingly,

a.      ~~Plaintiffs have established that they are entitled to injunctive relief by~~
~~demonstrating that (1) they are likely to succeed on the merits of their claims; (2) they are~~
~~suffering irreparable injury and, in the absence of an injunction, will continue to suffer~~
~~irreparable injury, based on Defendants' unauthorized use and infringement of Plaintiffs' Marks~~
~~in connection with the manufacture, importation, exportation, distribution, marketing,~~
~~advertising, offer for sale and/or sale of various products, including but not limited to footwear,~~
~~clothing, and accessories for men, women and children (the "~~**~~Counterfeit Products~~**~~"); (3)~~
~~remedies at law, such as money damages, are inadequate to compensate for Plaintiffs' injuries;~~
~~(4) a freeze of Defendants' assets is necessary to preserve Plaintiffs' right to an equitable~~
~~accounting (5) the balance of hardships favors Plaintiffs; and (6) granting Plaintiffs' request for~~
~~injunctive relief would serve the public interest;~~

b.      ~~Plaintiffs have demonstrated that they are likely to succeed in showing that the~~
~~Plaintiffs' Marks are valid and enforceable, and entitled to protection, and that Defendants'~~
~~willful and unlawful use of the Plaintiffs' Marks in connection with the sale of Counterfeit~~
~~Products is likely to cause consumer confusion;~~

4

c.      Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of the Plaintiffs' Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of Counterfeit Products;

d.      Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants, whose known names are set forth in Attachment 2 to this Order and incorporated as if set forth expressly herein, are, or were within the last twelve (12) months, selling Counterfeit Products through the use of hundreds of websites (the "**Infringing Websites**") and hundreds of associated social media accounts (the "**Infringing Social Media**" together with Infringing Websites, the "**Infringing Platforms**"), including, without limitation, the websites detected to date by Plaintiffs, which are or were located at the websites set forth in Attachment 3 to this Order and incorporated as if set forth expressly herein, and the social media accounts detected to date by Plaintiffs, which are or were located at the social medial accounts set forth in Attachment 4 to this Order and incorporated as if set forth expressly herein;

e.      Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants have registered and are continuing to register domain names that are identical to, or confusingly similar to, one or more of the Plaintiffs' Marks (collectively, the "**Infringing Domain Names**"), in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), including, without limitation, the Infringing Domain Names detected to date by the Plaintiffs, which are set forth in Attachment 5 to this Order and incorporated as if set forth expressly herein;

f.      Plaintiffs have demonstrated that they are likely to succeed in showing that Defendants have a bad faith intent to profit by associating themselves with Plaintiffs and the Plaintiffs' Marks without Plaintiffs' authorization;

g.      Plaintiffs have demonstrated that Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Plaintiffs and this Court's detection, including by providing intentionally-deceptive contact information and using multiple false identities and addresses associated with their operations;

h.      Plaintiffs have demonstrated that Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide, or otherwise make the Counterfeit Products, Defendants' means of selling and distributing the Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, records relating to the ultimate disposition of Defendants' ill-gotten proceeds, and business records relating thereto, inaccessible to Plaintiffs or the Court if Plaintiffs were to proceed on notice to the Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

i.      Plaintiffs have demonstrated that the harm to Plaintiffs from denial of the requested *ex parte* order outweighs the harm to Defendants' legitimate interests against granting such an order;

j.      Plaintiffs have demonstrated that the entry of an order other than the *ex parte* order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, the cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and Plaintiffs' rights to an equitable accounting of Defendants' profits, lost profits, or damages.

THEREFORE, the Court finds it appropriate to grant Plaintiffs the following relief as detailed further below:

(I) Order to Show Cause – Preliminary Injunction;

(II) Temporary Restraining Order;

(III) Asset Restraining Order;

(IV) Order Authorizing Bifurcated and Alternative Service by Electronic Means;

(V) Order Authorizing Expedited Discovery from Defendants and Third Parties;

(VI) Order to Suspend Defendants' Infringing Platforms; and

(VII) Prohibition against Aiding and Abetting Violations of this Order by Third Parties.

**I.**     **ORDER TO SHOW CAUSE – PRELIMINARY INJUNCTION**

1.      IT IS HEREBY ORDERED that Defendants appear to show cause on the

25th day of January 2021 at 1 p.m. or as soon thereafter as counsel can be heard by

teleconference why an order pursuant to Rule 65 of the Federal Rules of Civil Procedure and

Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction

as follows:

2.      Restraining and enjoining Defendants, their officers, directors, agents, employees,

representatives, successors or assigns, and all persons acting in concert or in participation with

any of them from:

    a.   using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable

        imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to

        dilute or detract from the Plaintiffs' Marks, in connection with manufacturing,

        distributing, delivering, shipping, importing, exporting, advertising, marketing,

        promoting, selling or offering for sale Counterfeit Products or any other products

        confusingly similar to Plaintiffs' Products, or that otherwise bear, contain,

        display, or utilize any of the Plaintiffs' Marks;

    b.   making or employing any other commercial use of the Plaintiffs' Marks, any

        derivation or colorable imitation thereof, or any mark confusingly similar thereto

        or likely to dilute or detract from the Plaintiffs' Marks;

    c.   using any other false designation of origin or false description or representation or

        any other thing calculated or likely to cause confusion or mistake in the mind of

        the trade or public or to deceive the trade or public into believing that Defendants'

products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

d.  using or transferring ownership of the Infringing Websites or Infringing Domain Names, or registering or using any other domain names incorporating Plaintiffs' Marks, in whole or in part;

e.  using or transferring ownership of the Infringing Social Media, in whole or in part;

f.   any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by Defendants come from Plaintiffs' or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

g.  moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

h.  removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents containing any information relating to any of the Infringing Websites or Infringing Social Media, Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution or sale of Counterfeit Products or any products that otherwise bear contain, display, or

utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

i.  further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

j.  otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner;

k.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any money or other assets of Defendants, including but not limited to the transfers from or to any accounts held by, associated with, or utilized by Defendants, regardless of whether such money or assets are held in the U.S. or abroad, including Defendants' accounts as listed in Attachment 6 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein until further ordered by this Court; and

l.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (k), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (k).

3.  Restraining Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with

any of them from accessing the Infringing Platforms for the duration of this action, as set forth further herein.

4.     IT IS FURTHER ORDERED that Defendants' answering papers to Plaintiffs' Order to Show Cause, if any, shall be electronically filed with the Clerk of this Court and served upon Plaintiffs' counsel by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193, Attention: Robert L. Weigel, Esq., by no later than 5 p.m. Eastern Time on January 21, 2021, with any reply by Plaintiffs to be electronically filed and served by 9 a.m. Eastern Time on January 25, 2021.

5.     IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions that comprise this temporary restraining order. Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

    a.  IT IS FURTHER ORDERED that the parties shall dial 888-273-3658 and use access code 7004275 to join the January 25 teleconference. All participants must identify themselves every time they speak, spell any proper names for the court reporter, and take care not to interrupt or speak over one another. Finally, all of those accessing the conference — whether in listen-only mode or otherwise — are reminded that recording or rebroadcasting of the proceeding is prohibited by law. Counsel should adhere to the following rules and guidelines during the

teleconference: (A) Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone); (B) Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time. (C) To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another. (D) If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

II.      **TEMPORARY RESTRAINING ORDER**

IT APPEARING to the Court based on this *ex parte* submission that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, including via the Infringing Platforms, and that Defendants will continue to carry out such acts unless restrained by Order of the Court:

6.      IT IS FURTHER ORDERED that pending the hearing and determination on Plaintiffs' application for a preliminary injunction and other relief, Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise, are hereby temporarily restrained from committing any of the acts set forth in Paragraphs 2 and 3 above, and as set forth further herein.

7.      IT IS FURTHER ORDERED that the Temporary Restraining Order shall remain in effect until the date for the hearing on the Order to Show Cause, as set forth above, or such further dates as set by the Court.

8.      IT IS FURTHER ORDERED that, upon a showing that Defendants are continuing to sell Counterfeit Products on newly-detected Infringing Websites or through Infringing Social Media ("**Newly-Detected Infringing Platforms**"), the Plaintiffs may move to amend this Order to extend the application of the relief granted herein to the Newly-Detected Infringing Platforms.

9.      IT IS FURTHER ORDERED that Plaintiffs shall post by 10 a.m. on Tuesday, January 19, a corporate surety bond, cash, certified check, or attorney's check in the amount of fifty thousand dollars ($50,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

III.     **ASSET RESTRAINING ORDER**

10.     IT IS FURTHER ORDERED that, in accordance with Rule 65 of the Federal Rules of Civil Procedure, New York Civil Practice Law and Rules § 5222, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them,

12

including any third parties receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing or disposing of any money or other assets into or out of any accounts held by, associated with, or utilized by Defendants, regardless of whether such money or assets are held in the U.S. or abroad, including Defendants' accounts as listed in Attachment 6 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein.

11.     The provisions of this section apply to any and all money or assets, whether held in the U.S. or abroad, including but not limited to any money or assets held with: (1) PayPal; (2) MasterCard, Visa, American Express, and/or Discover; (3) Bank of China; (4) Western Union; (5) MoneyGram; (6) Zelle; (7) Bitcoin; (8) Google Pay; (9) Venmo; (10) AliPay; (11) TransferWise; (12) WeChat Pay and (13) WorldRemit, including but not limited to the accounts identified in Attachment 6 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein.

12.     IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## IV.     ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE BY ELECTRONIC MEANS

13.     IT IS FURTHER ORDERED that, sufficient cause having been shown, Plaintiffs' motion for bifurcated alternative service by electronic means is granted, and service shall be made on Defendants and deemed effective as to all Defendants if it is completed by delivery of Adobe PDF copies of this Order together with the Summons and Complaint and all attachments thereto to the email addresses set forth in Attachment 7 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein.

Such service shall be made within three (3) days from the date of this Order, except as to John Doe or ABC Company Defendants who may be later identified.

## V.     **ORDER AUTHORIZING EXPEDITED DISCOVERY**

14.     IT IS FURTHER ORDERED that Plaintiffs' motion to obtain expedited discovery from Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, is granted, and that Plaintiffs shall serve with this Order the requests for disclosures pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34 appended as Attachment 8 to Plaintiffs' proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein, and that Defendants shall produce all documents responsive to such requests on or before the 21st day of January, 2021; and

15.     IT IS FURTHER ORDERED that, as set forth below, Plaintiffs' motion to obtain expedited discovery from third parties is granted.

### A.     *Provisions Applicable to Third Party Financial Service Providers*

**16.**      IT IS FURTHER ORDERED that Plaintiffs may immediately request discovery by providing actual notice of this Order to any banks, savings and loan associations, payment processors or other financial institutions, merchant account providers, payment providers, third party processors, or credit card associations, which have provided services, received payment, or held assets for any Defendant, any of Defendants' operations, any of the Infringing Websites or Infringing Social Media, or for any other website or social media account owned or controlled by any Defendant, including without limitation, PayPal, MasterCard, Visa, American Express, Discover, Bank of China, Western Union, MoneyGram, Zelle, Bitcoin, Google Pay, Venmo, AliPay, TransferWise, WeChat Pay, and WorldRemit (collectively, "**Third Party Financial Service Providers**"); and

17.     IT IS FURTHER ORDERED that, within ten (10) days of receiving actual notice of this Order by personal service or otherwise, all Third Party Financial Service Providers must provide to Plaintiffs' counsel all documents and records in their possession, custody or control, whether located in the U.S. or abroad, relating to any financial accounts (including but not limited to any savings, checking, money market, or payment processing accounts) held by, associated with, or utilized by the Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them. This includes all documents and records relating to:

    a.  Defendants' Infringing Websites and any other websites registered by Defendants, including the identities of the individuals or entities that registered and operated the Infringing Websites;

    b.  Defendants' Infringing Social Media and any other social media accounts registered by Defendants, including the identities of the individuals or entities that registered and operated the Infringing Social Media;

    c.  the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

    d.  the identities of any and all credit card processing agencies, merchant acquiring banks, or other financial institutions responsible for processing credit card, debit card, or other forms of financial transactions for the Infringing Platforms;

    e.  the identities and addresses of Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in

15

concert or in participation with any of them, including without limitation, identifying information associated with Defendants' Infringing Platforms;

f.   payments made to or by Defendants in exchange for goods or services provided by or to Defendants, including information sufficient to identify the recipient and beneficiary of such payment;

g.   identifying information, including full account numbers;

h.   account opening documents, including account applications, signature cards, copies of identification documents provided and, if a business account, copies of any corporate resolution to open account and other business documents provided which may include articles of incorporation for the business;

i.   all deposits and withdrawals and any supporting documentation, including deposit slips, withdrawal slips, cancelled checks (both sides), and periodic account statements;

j.   all wire transfers into the financial accounts, including documents sufficient to identify the source of transferred funds, such as documents reflecting the name of the bank or entity from which the funds originated, the account number from which the funds were transferred, and the name of the person or entity from whose account such funds were transferred; and

k.   all wire transfers out of the financial accounts, including documents sufficient to identify the destination of the transferred funds, such as documents reflecting the name of the beneficiary of such transfer, the identity of the beneficiary's bank, and the beneficiary's full account number.

**B.**   ***Provisions Applicable to Third Party Website Service Providers***

18.     IT IS FURTHER ORDERED that Plaintiffs may immediately request discovery by providing actual notice of this Order to any Internet service providers ("**ISPs**"), back-end service providers, website designers, sponsored search engine ad-word providers, shippers, domain name registrars, domain name registries, domain protection services, or any other business supporting, hosting or providing e-commerce services to any Defendant, any of Defendants' Infringing Websites, or for any other website owned or controlled by any Defendant (collectively, "**Third Party Website Service Providers**"); and

19.     IT IS FURTHER ORDERED that, within ten (10) days of receiving actual notice of this Order by personal service or otherwise, all Third Party Website Service Providers must provide to Plaintiffs' counsel all documents and records in their possession, custody or control, whether located in the U.S. or abroad, relating to:

    a.  Defendants' Infringing Websites and any other websites registered by Defendants, including the identities of the individuals or entities that registered and operated the Infringing Websites;

    b.  the manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling of Counterfeit Products by Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them;

    c.  the identities and addresses of Defendants, their officers, directors, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, including without limitation, identifying information associated with Defendants' Infringing Websites; and

      d.   payments made to or by Defendants in exchange for goods or services provided by or to Defendants, including information sufficient to identify the recipient and beneficiary of such payment.

**C.**    ***Provisions Applicable to All Third Party Service Providers***

20.    IT IS FURTHER ORDERED that Plaintiff may immediately request discovery by providing actual notice of this Order along with a subpoena, pursuant to Fed. R. Civ. P. 45, to any other third party service providers that have provided services for any Defendant, any of Defendants' Infringing Platforms, or for any other website or social media account owned or controlled by any Defendant (collectively "**Other Third Party Service Providers**").

21.    IT IS FURTHER ORDERED that Plaintiffs may commence discovery proceedings pursuant to the Federal Rules of Civil Procedure.

**VI.**    **ORDER TO SUSPEND DEFENDANTS' INFRINGING PLATFORMS**

22.    IT IS FURTHER ORDERED, pursuant to Fed. R. Civ. P. 65(d)(2), that any Third Party Website Service Provider, including but not limited to VeriSign, Inc., NeuStar, Inc., Nominet UK, Registry Services, LLC, .Club Domains, LLC, Public Interest Registry, and/or an

individual registrar or Other Third Party Service Provider holding or listing one or more domain names or social media accounts used in conjunction with Defendants' Infringing Platforms, including those set forth in Attachments 3 and 4 to Plaintiffs' Proposed Order to Show Cause, ECF No. 5, and incorporated as if set forth expressly herein, shall, within three (3) business days of receiving actual notice of this Order by personal service or otherwise, temporarily disable these domain names and/or social media accounts, and make them inactive and untransferable until further order from this Court.

Notwithstanding the preceding sentence, the terms of this Paragraph shall have no application if a domain name or social media account has already been disabled and/or the ownership of such domain name or social media account has been transferred by the Other Third Party Service Provider pursuant to a court order issued in another litigation.

## VII.  PROHIBITION AGAINST AIDING AND ABETTING VIOLATIONS OF THIS ORDER BY THIRD PARTIES

23.      IT IS FURTHER ORDERED, by automatic operation of Fed. R. Civ. P. 65(d)(2), that all third parties who act in active concert or participation with Defendants and who receive actual notice of this Order by personal service or otherwise shall be bound by the terms of this Order and are prohibited from assisting in any violation of this Order, including, without limitation:

   a.   permitting the transfer, withdrawal or disposal of any money or other assets by Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, into or out of any accounts held by, associated with or utilized by any of the Defendants, regardless of whether such money or assets are held in the U.S. or abroad;

   b.   permitting the advertising, promoting, or marketing of Defendants' Counterfeit Products or the Infringing Platforms, or the sale or distribution of Counterfeit

Products by Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them; and

c.  supporting, hosting or providing e-commerce services Defendants' Infringing Platforms, including continuing to connect customers to the Infringing Platforms.

Dated:      New York, New York
            January 15, 2021

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

7