UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC. and CONVERSE INC., <br><br> Plaintiffs, <br><br> – against – <br><br> WWW.PERFECTKICKS.ME, *et al.*, <br><br> Defendants. | 21 Civ. 248 (SHS) <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, Nike, Inc. and Converse Inc. ("Plaintiffs") commenced a lawsuit and moved *ex parte* against Defendants for a temporary restraining order, asset restraining order, order authorizing expedited discovery, order disabling websites, order disabling social media accounts, and bifurcated and alternative service of process by electronic mail, and order to show cause for preliminary injunction;

WHEREAS, the Court granted Plaintiffs' requested relief on January 15, 2021, the ("Temporary Restraining Order") ordering, *inter alia*, expedited discovery from third parties;

WHEREAS, Plaintiffs provided notice of the Temporary Restraining Order to MoneyGram Payment Systems, Inc. ("MoneyGram");

WHEREAS, Plaintiffs provided notice of the Preliminary Injunction to MoneyGram;

WHEREAS, Plaintiffs and non-party MoneyGram, through their undersigned counsel, hereby stipulate as follows with respect to the production of valuable, sensitive, trade secret and otherwise Confidential Information in connection with the above-captioned action (the "Action"):

1.     <u>Applicability.</u> This Stipulated Protective Order shall apply to all information and materials disclosed during the course of the Action, before or after execution of this Stipulated Protective Order.

2. <u>Definitions</u>. The terms defined in this Section 2 shall, throughout this Stipulated Protective Order, have the meanings provided. Defined terms may be used in the singular or the plural.

    (a) "Producing Party" means any party or non-party entity that discloses or produces any Confidential Information in this Action.

    (b) "Receiving Party" means the party receiving or requesting production of information that is Confidential.

    (c) Information that is "Confidential" ("Confidential Information") means information, whether or not embodied in any physical medium, used by the Producing Party, in or pertaining to, its trade or business that the Producing Party believes in good faith is not generally known to the Receiving Party and/or others in the Producing Party's trade or business that the Producing Party would normally not reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, including but not limited to all Litigation Materials reflecting, referring to, or evidencing proprietary trade secrets, business plans and forecasts, financial plans and forecasts, operational plans and forecasts, methodologies, scoring models, and algorithms, non-public customer financial information of any kind, wire transfer information, non-public customer information related to the organization, structure, operations or performance of the customer or Producing Party and non-public communications related thereto, non-public lists showing customers clients, accountholders, affiliates, or customers of a particular institution and non-public documents or information reflecting account or transaction

information by account or in the aggregate, and all sensitive commercial, financial, technical, or personal information (whether pertaining to the Producing Party or to a third party) that has been designated as confidential pursuant to this Stipulated Protective Order.

(d) "Litigation Material" means all pleadings, motions, affidavits, and related papers, all documents produced, and all transcripts or testimony given in depositions, in hearings before any Court, or at trial.

3. Method of Designation. Any party or non-party may designate as "Confidential" all or any portion of any Litigation Material as follows:

(a) Subject to section 7 below, any document or other tangible Litigation Material produced by the Producing Party and marked as "Confidential" is hereby designated as "Confidential."

(b) Subject to section 7 below, any document or other tangible Litigation Material produced by the Producing Party and not marked "Confidential," but later determined by the Producing Party to be "Confidential" and the Producing Party informs the Receiving Party in writing, including but not limited to by letter or by electronic mail, of such "Confidential" designation, is hereby designated as "Confidential."

(c) Subject to section 7 below, by oral or verbal designation during the course of an examination before trial or deposition, while on the record.

4. Treatment of "Confidential" Information.

(a) The Receiving Party shall not disassemble, decompile, modify or enhance, or in any way reverse engineer the Confidential Information in any manner whatsoever, including but not limited to, attempting to identify

     any individual non-party cardholder or account holder. If the Receiving Party is able to deduce information relating to an individual non-party cardholder or account holder, it shall immediately notify the Producing Party and discontinue use of the Confidential Information.

(b) The Receiving Party shall not use the Confidential Information to reverse engineer, analyze, impute, or predict the Producing Party's current or future financial performance, including in relation to performance trends of any kind, or to compete with or enable competition with the Producing Party.

(c) Confidential Information may be used by the Receiving Party solely for purposes of (1) enforcing or satisfying any court order entered in the above-captioned Action, including but not limited to, any Judgment entered in the action and any enforcement proceedings relating thereto; and (2) to pursue related claims or enforce any judgments obtained against Defendants in the Action, including the John Doe Defendants, or any persons acting in concert or participation with any of them. Confidential Information received by the Receiving Party may not be used for any other purpose.

(b) The Receiving Party shall not disclose, reveal, or make available, in whole or in part, the Confidential Information to any person except:

  (i) the Court, Court personnel, as well as any court reporters retained in this matter;

(ii) the Receiving Party's counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the Action;

(iii) experts or consultants retained by the Receiving Party or their counsel to assist the Receiving Party or their counsel in connection with the Action and who have executed Exhibit A, which is attached to this Order;

(iv) outside photocopying, graphic production services, translators, litigation support services, or investigators employed by the Receiving Party or their attorneys to assist in this litigation who have executed Exhibit A, which is attached to this Order provided that, subject to section 12 below, all documents are returned to counsel for the party furnishing them after completion of those services; and

(v) upon the written agreement of the Producing Party, any other person who has executed Exhibit A, which is attached to this Order.

(vi) Notwithstanding the foregoing, it will not be a violation of this agreement for Plaintiffs or its counsel to provide an entity with (a) an agreement to which it is a party; (b) its own financial account information; and/or (c) data for transactions in which it was either the issuer or the acquirer.

  (c) Any party or non-party who files Confidential Information with the Court shall follow and comply with all federal rules and local rules, including Federal Rule of Civil Procedure Rule 5.2.

  (d) The original certification signed by persons referenced or identified in Paragraphs 4(b)(i)-(vi) above shall be retained by the parties' counsel of record as a permanent record, and counsel of record shall, upon request, provide the other parties' counsel with copies of all such sworn statements.

5. <u>Maintenance of "Confidential" Information</u>. All Litigation Material designated as "Confidential" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Section 4(b) of this Stipulated Protective Order as persons properly having access thereto.

6. <u>Unauthorized Disclosure</u>. In the event that Litigation Material designated "Confidential" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Stipulated Protective Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Protective Order, including by way of any security breach, intrusion, unauthorized access to or theft or other loss, counsel of record for the Receiving Party shall:

  (a) within forty-eight (48) hours of such unauthorized disclosure or breach, give notice of such unauthorized disclosure or breach to counsel of record for the Producing Party, including a full description of all pertinent facts;

  (b) without prejudice to other rights and remedies of the Producing Party, make every reasonable effort to prevent further unauthorized disclosure or breach;

(c) provide all information that is reasonably requested by the Producing Party pertaining to the unauthorized disclosure or breach; and

(d) reasonably cooperate in the investigation of the unauthorized access or breach.

7. <u>Limitations on Application of Order</u>.

(a) The term "Confidential Information" shall not include, and this Stipulated Protective Order shall not be construed to prevent any person from making use of or disclosing any information that:

(i) was lawfully in his/her possession (other than as an employee of Producing Party) prior to its disclosure hereunder in connection with the Action;

(ii) appears in any published material available to the Producing Party's trade or business, other than by a breach of this Stipulated Protective Order;

(iii) was obtained from a source or sources (other than the Producing Party) that the party asserting this exception, after having exercised reasonable efforts (where indicated) to determine the facts, does not know to have disclosed the same in violation of an obligation of confidentiality owed to the Producing Party;

(iv) was, is, or becomes publicly available other than as a result of violation of this Stipulated Protective Order by the party asserting this exception; or

(v) is independently developed without regard to information disclosed hereunder in connection with the Action.

8. <u>Disclosure to Recipient or Author</u>. Nothing herein shall prevent any party from presenting Confidential Information to the original signatory, author, recipient, or addressee of the Confidential Information.

9. <u>Objections to Confidential Treatment</u>. A party may object to the designation of any Litigation Material as "Confidential" at any time. If any party objects to the designation of any Litigation Material as "Confidential," the party shall state the objection with particularity by letter to counsel for the party making the designation. In the event that the parties are unable to resolve any dispute concerning treatment of Confidential Information, the Receiving Party shall be required to seek an order from the Court to request that such information not be treated as Confidential pursuant to this Stipulated Protective Order. In connection with any such motion, the burden of establishing that Discovery Material shall continue to be treated as Confidential shall be on the Producing Party. Pending determination of such motion, any information previously designated as Confidential shall continue to be treated in accordance with that designation.

10. <u>Non-Waiver of Objections to Admissibility</u>. This Stipulated Protective Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Stipulated Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground other than its status as a trade secret or Confidential Information.

11. <u>Subpoena by Third Parties</u>.

 (a) Confidential Litigation Material shall be used by the Receiving Party only in accordance with Paragraph 4 above.

 (b) Nothing herein shall prevent any Receiving Party from producing Confidential Information in response to a lawful subpoena or other

        compulsory process from a non-party to this Stipulated Protective Order seeking production or other disclosure of Confidential Information, provided that any Receiving Party receiving any such subpoena or compulsory process shall, as soon as reasonably practical, give notice by telephone and email to counsel for the Producing Party, identifying the material sought and enclosing a copy of the subpoena or other compulsory process, so as to afford the Producing Party a reasonable opportunity to seek a protective order.

    (b)    Subject to section 7 above, Confidential Information produced pursuant to subpoena or other compulsory process shall continue to be treated as "Confidential" pursuant to this Stipulated Protective Order.

12.    <u>Conclusion of Litigation</u>.

    (a)    Within thirty (30) days of the conclusion of all post-judgment enforcement proceedings of any judgment entered in this Action, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this Stipulated Protective Order, designated as containing Confidential Information shall, at the election of the Producing Party, be returned to counsel for the Producing Party or destroyed. This Section 12(a) includes all copies of Confidential Information and documents containing Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential Information.

    (b)    Counsel may retain their work product, such as pleadings, notes, correspondence and memoranda, that contains or refers to Confidential

Information, provided that all such Confidential Information shall remain subject to this Stipulated Protective Order and shall not be disclosed to any person except as permitted by this Stipulated Protective Order.

(c) Notwithstanding the foregoing, the Receiving Party may retain such copies of the Confidential Information (including Confidential Information stored on electronic, magnetic or similar media) in accordance with policies and procedures implemented in order to comply with legal and regulatory requirements and other legal and compliance purposes.

13. Reservation of Rights.

(a) Nothing in this Stipulated Protective Order shall prevent any Producing Party from disclosing its own Confidential Information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order.

(b) Nothing in this Stipulated Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

(c) Evidence of the existence or non-existence of a designation under this Stipulated Protective Order shall not be admissible for any purpose.

14.     Inadvertent Production of Privileged Material. It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled to work product protection. If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice the assertion of the privilege or protection. If a recipient is notified in writing by a Producing Party that Litigation Material was inadvertently produced containing privileged or protected information, the recipient shall, at the earliest possible moment but in no event later than forty-eight (48) hours of the written notice, return that Litigation Material to the designating party, together with all copies or reproductions thereof. The recipient shall also either return to the Producing Party or destroy any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not divulge the contents of the material.

15.     Amendment or Modification of Order. The provisions of this Stipulated Protective Order may be modified at any time by a signed written stipulation of Plaintiffs and the undersigned parties.

16.     Execution in Counterparts. This Stipulated Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

*[Remainder of page intentionally left blank]*

Dated: New York, New York
February__, 2021

|  |  |
|---|---|
|  | Respectfully submitted, |
| **RIVKIN RADLER LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| By: /s/ Brian L. Bank | By: /s/ Howard Hogan |
| Brian L. Bank | Robert L. Weigel |
| Brian.Bank@rivkin.com | RWeigel@gibsondunn.com |
| 926 RXR Plaza | Howard S. Hogan |
| Uniondale, NY 11556-0926 | HHogan@gibsondunn.com |
| Tel: (516) 357-3000 | Lauren M.L. Nagin |
|  | LNagin@gibsondunn.com |
| *Attorneys for Non-Party MoneyGram Payment Systems, Inc.* | Alexandra L. Grossbaum |
|  | AGrossbaum@gibsondunn.com |
|  | 200 Park Avenue |
|  | New York, NY 10166-0193 |
|  | Tel: (212) 351-4000 |
|  | *Attorneys for Plaintiffs Nike, Inc. and Converse Inc.* |

**SO ORDERED**

Dated: __February 25__, 2021
New York, New York

/s/ Sidney H. Stein

_____
SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

I, _____ [print or type name], being of full age, hereby certify and acknowledge that I have received and read a copy of the Protective Order entered in the action pending in the United States District Court for the Southern District of New York captioned *Nike, Inc. et al. v. www.perkfectkicks.me,* Civil Action No. 21 Civ. 248 (SHS), and I understand the limitations it imposes on the use and disclosure of information designated as "Confidential." I further understand that the unauthorized use or disclosure of any Confidential Information may constitute contempt of Court and I hereby consent to the personal jurisdiction of the U.S. District Court Southern District of New York in connection with the use or disclosure of Confidential Information. I agree to be bound by all of the terms of such Protective Order. To further effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court Southern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Address