UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

NIKE, INC. AND CONVERSE, INC.,

                   Plaintiffs,

        v.

ZHEQIAN LIU,

                   Defendant.

---

21-cv-248 (SHS)

<u>OPINION</u>

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Zheqian Liu has moved to dissolve the preliminary injunction restraining her bank accounts on the basis that the Court lacks personal jurisdiction over her. Because the Court finds that plaintiffs have offered a sufficient prima facie showing of Liu's contacts with New York to satisfy New York State's long-arm statute as well as constitutional due process requirements, her motion is denied.

## I.  BACKGROUND

    Nike, Inc., and Converse, Inc., bring this action for preliminary and permanent injunctive relief and damages against Zheqian Liu and scores of other co-defendants in connection with their alleged unlawful use of the plaintiffs' trademarks and sale of counterfeit copies of plaintiffs' products to consumers in New York and throughout the United States. (Compl. ¶ 1, ECF No. 1.) Liu is domiciled in California (Liu Decl., ECF No. 51.) Nike and Converse contend that defendants were manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and selling goods bearing counterfeit trademarks, trade names, or logos. Defendants allegedly engaged in these infringing activities through myriad interactive websites doing business with New York-based customers. This Court entered a temporary restraining order on January 20 and a preliminary injunction on January 26 of this year, and has since amended that injunction twice to add several defendants to its restrictions.

    Liu's involvement in the infringing activities centers on an email address belonging to her, keep2008@mail.com.[1] According to Liu, she granted access to that email address to an individual named Hui Yuan, (Liu Decl. ¶ 8, ECF No. 51), for more than 30,000

---

[1] Liu refers to her  email address as "keep2008@gmail.com" but the evidence indicates that the email address does not belong to the Gmail domain and is rather "keep2008@mail.com." (See, e.g., Liu Decl., Ex. F., ECF No. 51-6.) The distinction is irrelevant for purposes of this motion.

Chinese yuan (approximately $5,000). (ECF No. 51-6, Ex. F.) That address was then used as the Zelle token to accept payments for the website brandairjordan.ru, a website Nike and Converse claim sells counterfeit Nike Products. (Perles Decl. ¶ 3, ECF No. 54.) The brandairjordan.ru website had a shopping cart function allowing customers to purchase items and a live chat function allowing customers to interact with the seller. (Perles Decl. ¶ 5, ECF No. 54.)

Liu not only sold access to her keep2008 email address but she herself used that address in connection with a personal PayPal account. (Perles Decl. ¶ 10, Ex. E.) She also conducted over $400,000 in Zelle transactions with U.S.-based consumers in several of her own financial accounts. (Perles Decl. ¶ 19, Exs. M-O.)

Furthermore, Liu was connected to another website allegedly selling counterfeit Nike products, yzyfactory.ru, through her affiliation with co-defendant Bing Luo. (Perles Decl. ¶ 7, ECF No. 54.) This website received at least one payment from a consumer in New York. (Perles Decl. ¶¶ 7, 11–12, Exs. D-G.) Liu shares several bank accounts with Luo, which contain around $226,000 in combined assets. (Perles Decl. ¶ 14, Exs. I-L.) She also shared a PayPal account with Luo, whose transaction records show at least one payment from a purchaser in New York. (Perles Decl. ¶ 11, Ex. F.)

Liu's bank accounts have been restrained pursuant to the current injunction's asset restraint. (ECF No. 33, at 11.) As noted above, she now moves the Court to dissolve the preliminary injunction as it applies to her on the basis that the Court does not have personal jurisdiction over her. Nike and Converse respond that Liu has waived her personal jurisdiction defense, and in any event, the Court does have personal jurisdiction over her pursuant to New York's long-arm statute.

## II. DISCUSSION

It is well-settled that a court may only enter an injunction against a defendant if the court has personal jurisdiction over her. *See Weitzman v. Stein*, 897 F.2d 653, 658 (2d Cir. 1990); *Visual Sci. Inc. v. Integrated Commc'ns, Inc.*, 660 F.2d 56, 59 (2d Cir. 1981). A court may exercise personal jurisdiction over an out-of-state defendant if she has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

I conclude that although Liu has not waived the defense of lack of personal jurisdiction, the Court does have personal jurisdiction over her based on plaintiffs' showing of her contacts with New York.

### 1.  Liu Has Not Waived Her Personal Jurisdiction Defense

Personal jurisdiction "can . . . be purposely waived or inadvertently forfeited." *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 133 (2d Cir. 2011); *see also Ins. Corp. of Ireland v. Compagnie de Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

Under Federal Rule of Civil Procedure 12(h)(1), a party who does not assert the defense of lack of personal jurisdiction by motion or in a responsive pleading waives the defense. Waiver can also occur through a defendant's conduct, as when "a defendant [gives] a plaintiff a reasonable expectation that it will defend the suit on the merits or [causes] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. Of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)). If the defendant does not raise the defense, the "passage of time alone is generally not sufficient to indicate forfeiture" of the right to raise the defense of lack of personal jurisdiction. *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). Nevertheless, "the time period provides the context in which to assess the significance of the defendant's conduct, both in the litigation activity that occurred and the opportunities to litigate the jurisdictional issue[s] that were foregone." *Id.* (citing *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998). Therefore, the Court will consider the specific conduct Liu engaged in to determine whether she has waived her personal jurisdiction defense.

Here, Nike and Converse contend that, seven months after the issuance of the preliminary injunction against her, Liu has waived her defense of a lack of personal jurisdiction because she is in default, having neither raised her objection by motion nor in a responsive pleading. (ECF No. 53, at 4, 11.) To start, Liu has not waived her defense under Rule 12(h)(1), as she has not filed a motion or responsive pleading failing to raise the defense before the instant motion. *See* Fed. R. Civ. P. Rule 12(h)(1). Next, Liu's pretrial conduct has been quite limited. Liu first appeared before the court through counsel on April 16 of this year. (ECF No. 43.) Most of Liu's interaction with plaintiffs has been in the context of settlement negotiations. (Liu Decl. ¶ 17–18, ECF No. 51.) Otherwise, apart from seeking an extension of time to file her reply brief, Liu's only substantive action is this motion to dissolve the injunction. (ECF No. 49.) This limited involvement does not give plaintiffs a "reasonable expectation that [she] will defend the suit on the merits." *Corporacion Mexicana*, 832 F.3d at 102.

Moreover, the fact that Liu has had notice of this action for several months does not effectuate a waiver of her personal jurisdiction defense. (See ECF No. 53, at 11.) This Court has previously held that "limited participation in pretrial proceedings does not result in waiver of the defense even where the defendant has actual knowledge of the

suit." *Arthur Williams, Inc. v. Helbig*, No. 00 CIV. 2169 (SHS), 2001 WL 536946, at *3 (S.D.N.Y. May 21, 2001). Although *Arthur Williams* concerned the defense of insufficiency of service of process, the same principle applies here. *See id.*

Thus, the Court finds that Liu has not waived her personal jurisdiction defense.

## 2. The Court Has Personal Jurisdiction Over Liu

Nevertheless, the Court finds that Nike and Converse have made a sufficient prima facie showing of Liu's contacts with New York to satisfy New York's long-arm statute as well as constitutional due process requirements. Although Liu's motion here takes the form of a motion to dissolve an injunction, it is functionally equivalent to a motion to dismiss based on a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Since Liu seeks dissolution due to a lack of personal jurisdiction over her, Nike and Converse bear the burden in response of showing that the Court does in fact have personal jurisdiction over defendant. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). Where the plaintiffs have conducted discovery into the defendant's contacts with the forum State – as is the case here – "the plaintiff's *prima facie* showing . . . must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (citing *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d. 55, 57 (2d Cir. 1985)). Following discovery, a plaintiff's "*prima facie* showing must be factually supported." *Id.*

For its part, the Court analyzes the jurisdictional question in two parts: "[f]irst, it must determine whether the plaintiff has shown the defendant is amenable to service of process under the forum State's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). The constitutional inquiry requires an analysis of both the defendant's "minimum contacts" with the forum state, as well as whether the exercise of personal jurisdiction would be "reasonable." *Int'l Shoe*, 326 U.S. at 316.

To assess whether Liu has sufficient contacts with New York under both the state's laws and the Due Process Clause, the Court must "look to the totality of [her] contacts with the forum State." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010).

### A. New York's Long-Arm Statute

In determining whether Liu is amenable to process under New York law, the Court examines whether it has personal jurisdiction over her under New York's long-arm statute. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). The parties put forth two separate provisions of the state's long-arm statute, N.Y. C.P.L.R. § 302(a)(1)

and (a)(3), for the Court to consider. Because the Court finds that it has personal jurisdiction over Liu under section 302(a)(1), it need not consider whether it also has jurisdiction over her under section 302(a)(3).

Section 302(a)(1) provides that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the State or contracts anywhere to supply goods or services in the State." N.Y. C.P.L.R. § 302(a)(1). The plaintiff must make a prima facie showing that "(1) the defendant . . . transacted business with the State; and (2) the claim asserted . . . arise[s] from that business activity." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). Under the first prong, the plaintiffs' showing that a single transaction occurred in New York "is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Chloe*, 616 F.3d at 170 (quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)). Furthermore, "[n]o single event or contact connecting defendant to the forum state need be demonstrated; rather, the *totality of all defendant's contacts* with the forum state must indicate that the exercise of jurisdiction would be proper." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 166 (2d Cir. 2005) (emphasis in original) (quoting *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

Under the second prong of the section 302(a)(1) analysis, "New York does not require a *causal relationship* between the business transaction and the claim asserted; it is enough that 'the latter is not completely unmoored from the former.'" *Gucci America, Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 93–94 (S.D.N.Y. 2015) (emphasis in original) (quoting *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 339 (2012)). The operation of a "highly interactive website" with shipments to and clients based in New York may, in totality, demonstrate a defendant's "purposeful availment of the benefits of transacting business in New York" under section 302(a)(1). *Chloe*, 616 F.3d at 170–71; *see also Vandermark v. Jotomo Corp.*, 42 A.D.3d 931, 932 (N.Y. App. Div. 2007).

Liu asserts that plaintiffs cannot show that she has "purposefully availed" herself of New York's jurisdiction under the first prong of section 302(a)(1) because she "never sold, offered for sale, promoted, or even knew of the existence of any alleged infringing activity." (ECF No. 50, at 4.) Liu maintains that she was ignorant of her co-defendants' infringements of plaintiffs' trademarks. (ECF No. 50, at 4; ECF No. 62, at 4.) However, Nike and Converse supply several pieces of circumstantial evidence demonstrating that Liu was aware of—and complicit in—the ongoing infringing activity here. First, Liu received approximately $5,000 for the email address and had engaged in discussions with counterfeiters in China to sell them shoes from the United States. (ECF No. 51-6, Ex. F.) Next, plaintiffs point to the fact that the keep2008 email address was used as the

Zelle token for the brandairjordan.ru website, which sold over $150,000 in counterfeit goods. (Perles Decl. ¶ 13, Ex. H). Nike and Converse further proffer that Liu linked a personal PayPal account to the keep2008 email address. (Perles Decl. ¶ 10, Ex. E.) Through third-party discovery, plaintiffs have learned that this PayPal account was linked to several other financial accounts belonging to Liu while the same email address was linked to brandairjordan.ru. (Perles Decl. ¶ 6, Ex. C.) Finally, plaintiffs discovered that several of the bank accounts Liu shared with co-defendant Luo received over $400,000 in proceeds from hundreds of sales to U.S. consumers, including consumers in New York, and other transactions involving PINKING DIY INC and Pk Golden Inc, both named as co-defendants here. (Perles Decl. ¶¶ 19-21, Exs. M-0, P-S.)

In reply, Liu maintains her ignorance of the infringing activities, but tellingly does not address any of the foregoing evidence Nike and Converse gleaned through the process of third-party discovery. (See ECF No. 62.) Rather, Liu's arguments merely challenge the sufficiency of plaintiffs' factual allegations for purposes of establishing personal jurisdiction over her. Under *Ball*, "[i]f the defendant is content to challenge only the sufficiency of the plaintiff's factual allegation[s]," Nike and Converse need only put forth a *prima facie* factual showing that the Court has jurisdiction over Liu. *See Ball*, 902 F.2d at 197. Given Liu's totally conclusory response, the Court credits plaintiffs' averment of the facts of Liu's multiple connections with the infringing activity in this matter. *See id.* The $5,000 payment for the use of the keep 2008 email address, the connection of Liu's PayPal account with the email address, and the thousands of dollars' worth of transactions conducted in connection with the keep 2008 email address raise a strong inference that Liu was aware of the infringing activities taking place in New York State. This inference is strengthened when the Court considers the hundreds of thousands of dollars in sales to U.S.-based consumers, including consumers in New York, linked to several of Liu's other financial accounts, her co-ownership of those accounts with co-defendant Luo, and her transactions with the co-defendants PINKING DIY INC and Pk Golden Inc. Moreover, Nike and Converse point to more than one instance in which accounts in Liu's name received payments in connection with sales in New York. While this evidence does not provide a direct causal relationship between Liu's actions and the trademark infringement claims asserted here, it is certainly probative of Liu's knowledge that such infringement was ongoing and her complicity in its occurrence. *See Gucci America*, 135 F. Supp. 3d at 93.

Thus, the Court is satisfied that plaintiffs have set forth facts sufficient at this stage to demonstrate the Court's personal jurisdiction over Liu.

### B. *The Due Process Clause of the United States Constitution*

Having found personal jurisdiction under New York's long-arm statute, the Court also finds it can exercise personal jurisdiction under the United States Constitution.

First, it finds that sufficient "minimum contacts" exist between Liu and New York; second, it finds the exercise of personal jurisdiction over her to be "reasonable." *See Chloe*, 616 F.3d at 171.

In determining whether a defendant has adequate "minimum contacts" with the forum state, the Court looks to the "totality of the [d]efendant's contacts with the forum state," as it did under N.Y. C.P.L.R. § 302(a)(1). *Id.* at 164. While plaintiffs offer no proof that Liu made sales in New York or shipped counterfeit goods into New York herself, they present adequate evidence that she was aware of, and assisted others in, the sale and shipment of counterfeit goods. Liu's provision of the keep 2008 email address was central to the sale of counterfeit goods through the website brandairjordan.ru; at the very least, Liu reasonably should have known that the email address for which she was paid $5,000 would be used in the context of illegal activity. The Court thus concludes that Liu has sufficient "minimum contacts" with New York.

Turning to whether personal jurisdiction is "reasonable" in the context of this action, the Court asks whether personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. More concretely, the Court must analyze (1) the burden on the defendant of subjecting her to the Court's personal jurisdiction; (2) the interests of the forum State in adjudicating the matter; (3) the plaintiffs' interest in obtaining relief; (4) the judicial system's interest in obtaining the most efficient resolution of the matter; and (5) the mutual interest of the states in advancing substantive social policies. *Asahi Metal Indus Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987).

On balance, subjecting Liu to suit in New York is reasonable. First, although there is some burden Liu faces if she is forced to travel to New York for trial, since she is based in California, Liu does not explain why, "in this modern age and for a litigant with obvious familiarity with internet communication, litigation in New York would present so great an inconvenience as to constitute a deprivation of due process." *Savage Universal Corp. v. Grazier Const., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *11 (S.D.N.Y. Aug. 13, 2004). Second, New York certainly has an interest in adjudicating the matter: plaintiffs both maintain places of business in New York and numerous consumers affected by the alleged infringing activities are domiciled in New York. Third, plaintiffs have much to gain from receiving a permanent injunction putting an end to the allegedly infringing activities at issue here. The final two factors of the *Asahi* test neither weigh in favor of, nor against, Liu.

Ultimately, the Court concludes that its exercise of personal jurisdiction over Liu comports with constitutional due process requirements.

## III. CONCLUSION

In sum, Nike and Converse have made a sufficient prima facie showing that personal jurisdiction exists over Liu pursuant to N.Y. C.P.L.R. § 302(a)(1) and under the Due Process Clause. Accordingly, Liu's motion to dissolve the preliminary injunction is denied.

Dated: New York, New York
        December 16, 2021

Sidney H. Stein, U.S.D.J.