UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NIKE, INC. and CONVERSE INC.,

          Plaintiffs,

v.

WWW.PERFECTKICKS.ME a/k/a
YUFANG1990789@163.COM, *et al.*,

          Defendants.

------------------------------------------------------------x

21-Civ-248 (SHS)

**FINAL ORDER AND JUDGMENT ON CONSENT**

      WHEREAS Plaintiffs commenced the action captioned *Nike, Inc. et al v. www.perfectkick.me et al*, 1:21-cv-00248 (SHS) by filing a complaint on January 12, 2021 against certain defendants alleging, *inter alia*, that they are manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos;

      WHEREAS having reviewed Plaintiffs' Complaint, Memorandum of Law, and supporting declarations, the Court signed an order on January 15, 2021, restraining Defendants from, *inter alia*, manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or any other products that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks (the "Temporary Restraining Order"); and further ordered Defendants to appear before this Court on January 25, 2021, to show cause why an order granting Plaintiffs a preliminary injunction should not be granted;

WHEREAS, Plaintiffs filed Certificates of Service on January 20, 2021 and January 24, 2021 demonstrating that then Defendants were served via email with the Temporary Restraining Order, Summons, and Complaint, and all attachments thereto on January 18, 2021 in accordance with the alternative service provisions contained in the Temporary Restraining Order;

WHEREAS, Defendants failed to submit any papers opposing entry of the Preliminary Injunction, and failed to appear before the Court on January 25, 2021 or otherwise appear in this action; and

WHEREAS, Plaintiffs submitted an additional declaration in support of their motion for a Preliminary Injunction identifying additional names, email addresses, and financial information belonging to Defendants which was obtained through the third-party discovery provisions set forth in the Temporary Restraining Order;

WHEREAS, on January 26, 2021 the Court entered a Preliminary Injunction and on January 29, 2021 the Preliminary Injunction was posted to the public docket;

WHEREAS, Plaintiffs filed a Certificate of Service on February 5, 2021 demonstrating that Defendants were served via email with the Preliminary Injunction and all attachments thereto in accordance with the alternative services provision contained in the Preliminary Injunction;

WHEREAS, Plaintiffs submitted an additional declaration in support of their motion for an Amended Preliminary Injunction identifying additional financial information belonging to Defendants which was obtained through the third-party discovery provisions set forth in the Temporary Restraining Order and the Preliminary Injunction;

WHEREAS, on February 9, 2021, the Court entered an Amended Preliminary Injunction, and on February 12, 2021, the Amended Preliminary Injunction was posted to the public docket;

WHEREAS, Plaintiffs filed a Certificate of Service on February 19, 2021 demonstrating that Defendants were served via email with the Amended Preliminary Injunction and all attachments thereto in accordance with the alternative services provision contained in the Amended Preliminary Injunction;

WHEREAS, Defendants failed to appear and object to the Amended Preliminary Injunction;

WHEREAS, Plaintiffs submitted additional declarations in support of their motion for a Second Amended Preliminary Injunction providing evidence that Defendants have violated this Court's Temporary Restraining Order and Preliminary Injunctions by continuing to advertise, offer for sale, and sell Counterfeit Products through various additional websites ("Newly Identified Infringing Websites") and are using hundreds of social media accounts ("Newly Identified Infringing Social Media" together with Newly Identified Infringing Websites, the "Newly Identified Infringing Platforms") and new email addresses ("Newly Identified Email Addresses") and in connection therewith;

WHEREAS, through Plaintiffs' investigation and documents produced pursuant to third-party discovery, Plaintiffs have identified the true names of certain Defendants previously identified in the Court's prior orders and the Complaint only as "John Does" or "ABC Companies" ("Newly Identified Defendants"), as well as financial accounts associated with these Newly Identified Defendants and previously identified Defendants ("Newly Identified Financial Accounts");

WHEREAS on April 15, 2021, the Court issued the Second Amended Preliminary Injunction incorporating the Newly Identified Infringing Websites, Newly Identified Infringing

Social Media, Newly Identified Email Addresses, Newly Identified Defendants, and Newly Identified Financial Accounts;

WHEREAS on September 9, 2021 Defendant Zheqian Liu moved to dissolve the preliminary injunction;

WHEREAS on November 9, 2021 pursuant to the Court's Order issued October 14, 2021, Plaintiffs filed an Amended Complaint;

WHEREAS, Plaintiffs filed Certificates of Service on November 16, 2021 demonstrating that Defendants were served via email with the Amended Complaint and Second Preliminary Injunction;

WHEREAS, the Court granted Plaintiffs' request to file a Second Amended Complaint to remove duplicate names and PAYPAL and PAYPAL2, Plaintiffs filed a Second Amended Complaint;

WHEREAS, on December 10, 2021 Plaintiffs file their Second Amended Complaint;

WHEREAS, on December 16, 2021, the Court issued an Opinion and Order denying Defendant Zheqian Liu's motion to dissolve the preliminary injunction;

WHEREAS, on January 3, 2022, Defendants Zheqian Liu and Bing Luo filed an Answer to the Second Amended Complaint;

WHEREAS, on May 4, 2022, Defendant Zheqian Liu filed a Motion to Modify Asset Restraint;

WHEREAS, Plaintiffs filed a motion for Summary Judgment against Defendants Zheqian Liu and Bing Luo on May 25, 2022;

WHEREAS Defendants Zheqian Liu and Bing Luo consented to the issuance of a Final Order and Judgment on Consent in this action (the "Consent Judgment"), the terms and conditions of which are incorporated herein by reference;

WHEREAS Plaintiffs and Defendants Zheqian Liu and Bing Luo desire to settle this action solely with respect to Plaintiffs' claims against Defendants Zheqian Liu and Bing Luo by entry of this Final Order and Judgment on Consent, and a related settlement agreement (the "Settlement Agreement");

WHEREAS Defendants Zheqian Liu and Bing Luo, in exchange for a full and final release from the claims herein and to avoid further litigation expense, without any admission of liability or wrongdoing, hereby agree to fully comply with the terms of this Final Order and Judgment on Consent and the Settlement Agreement; and

WHEREAS Defendants Zheqian Liu and Bing Luo hereby agree to: (a) turnover of any funds that were previously frozen or that were otherwise required to be restrained in compliance with this Court's Orders whether located in the U.S. or abroad; (b) deliver up for destruction all Counterfeit Products or any other products confusingly similar to Plaintiffs' productions, or that otherwise bear, contain, display, or utilize any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, that are in Defendants Zheqian Liu and Bing Luo's possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118; (c) deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packaging, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession nor control of Defendants Zheqian Liu and Bing Luo bearing any of Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or

likely to dilute or detract from the Plaintiffs' Marks, in accordance with 15 U.S.C. § 1118; (d) not oppose the transfer of the domain names set forth in Exhibit 3 to the Declaration of Sara Perles dates May 25, 2022 to the ownership and control of Plaintiffs, through the registrar of Plaintiffs; choosing, or at Plaintiffs' direction the release of such domain names; (e) not participate in any way the operation of any of the Infringing Websites, Infringing Domain Names, Infringing Social Media Accounts, or any other website or server offering Counterfeit Products for sale; and (f) not be involved in any other way in the any sales of Counterfeit Products or any other goods or services that make sure of Plaintiffs' Marks.

WHEREAS Defendants Zheqian Liu and Bing Luo have consented to the issuance of a Final Order and Judgment as set forth below:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

1. Defendants Zheqian Liu and Bing Luo are immediately PERMANENTLY ENJOINED AND RESTRAINED from:

    a. using Plaintiffs' Marks, or any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or offering for sale Counterfeit Products or any other products confusingly similar to Plaintiffs' Products, or that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks;

    b. making or employing any other commercial use of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

c. using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs;

d. using or transferring ownership of the Infringing Websites or Infringing Domain Names, or registering or using any other domain names incorporating Plaintiffs' Marks, in whole or in part;

e. using or transferring ownership of the Infringing Social Media, in whole or in part;

f. any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors to believe that the products or services promoted, offered, or sponsored by Defaulting Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs;

g. moving, returning, destroying, secreting, or otherwise disposing of any Counterfeit Products or any products that otherwise bear, contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

h. removing, destroying, altering, secreting, or otherwise disposing of any computer files, electronic files or data, business records, or documents

containing any information relating to any of the Infringing Websites or Infringing Social Media, Defaulting Defendants' assets or operations, or to the importing, manufacturing, production, marketing, advertising, promoting, acquisition, purchase, distribution, or sale of Counterfeit Products or any products that otherwise bear contain, display, or utilize any of the Plaintiffs' Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiffs' Marks;

i. further diluting and infringing the Plaintiffs' Marks and damaging Plaintiffs' goodwill;

j. otherwise competing unfairly with Plaintiffs or any of their authorized licensees in any manner;

k. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (j), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j).

2. IT IS FURTHER ORDERED that in the event that Defendants Zheqian Liu and Bing Luo fail to comply with any of the terms of this Final Order and Judgment on Consent or the Settlement Agreement, Plaintiffs may apply to this Court for an entry of judgment against Defendants Zheqian Liu and Bing Luo.

3. IT IS FURTHER ORDERED that the contents of the following accounts be transfer to Plaintiffs as part of the settlement and that Defendants Zheqian Liu and Bing agree to effectuate any documents required for those transfers:

| No. | Bank | Account Number | Account Holder(s) | Amount Restrained |
|---|---|---|---|---|
| 1. | Bank of America | 325133243969 | Zheqian Liu | $502.71 |
| 2. | Bank of America | 325069074134 | Bing Luo, Zheqian Liu | $23,414.50 |
| 3. | Bank of America | 325031048745 | Bing Luo, Zheqian Liu | $0.00 |
| 4. | Bank of America | 4400664698640480 | Zheqian Liu | $0.00 |
| 5. | Bank of America | 4400661112972689 | Zheqian Liu | $0.00 |
| 6. | Bank of America | 4400662873303643 | Zheqian Liu | $0.00 |
| 7. | Bank of America | 662873303643 | Zheqian Liu | $0.00 |
| 8. | Bank of America | 664698640480 | Zheqian Liu | $0.00 |
| 9. | Bank of America | 660910098671 | Zheqian Liu | $0.00 |
| 10. | Bank of America | 661112972689 | Zheqian Liu | $0.00 |
| 11. | Chase | 578003698 | Bing Luo, Zheqian Liu | $2,076.41 |
| 12. | Chase | 3802951807 | Bing Luo, Zheqian Liu | $201,110.18 |
| 13. | China Merchants Bank | 6214850217551206 | Bing Luo | ¥38059.27 CNY |
| 14. | Bank of America | 325145410010 | Bing Luo | $1,500.46 |
| 15. | China Merchants Bank | 5236497918027403 | Bing Luo | $0.00 |
| 16. | China Merchants Bank | 5236497980826716 | Bing Luo | $0.00 |
| 17. | China Merchants Bank | 0115981648001001 | Bing Luo | $0.00 |
| 18. | China Merchants Bank | 6214850210157902 | Bing Luo | $0.00 |
| 19. | China Merchants Bank | 6214860219313588 | Bing Luo | $0.00 |
| 20. | China Merchants Bank | 6214850212986688 | Zheqian Liu | $0.00 |

4. IT IS FURTHER ORDERED that any entity holding, on behalf of Defendants Zheqian Liu and Bing Luo, an Infringing Domain name as set forth in Exhibit 3 to the

Declaration of Sara Perles dates May 25, 2022 to the ownership and control of Plaintiffs, through the registrar of Plaintiffs' choosing, or at Plaintiffs' direction the release of such domain names.

5. IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Dkt No. 91) and Defendant Liu Motion to Modify the Asset Restraint (Dkt. No. 88) be dismissed with prejudice pending compliance with Final Order and Judgment on Consent or the related Settlement Agreement.

6. IT IS FURTHER ORDERED that Plaintiffs shall retain all rights to pursue claims against the other Defendants, and any other person or entity other than Defendants Zheqian Liu and Bing Luo who may be liable for the sale of Counterfeit Products.

7. IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce any violation of this Final Order and Judgment on Consent or the related Settlement Agreement.

**GIBSON, DUNN & CRUTCHER LLP**

Dated: December 5, 2022     By: _____
                                 Robert L. Weigel

                                 200 Park Avenue, 47th Floor
                                 New York, New York 10166-0193
                                 Telephone: (212) 351-4000
                                 Facsimile: (212) 351-4035

                                 *Attorneys for Plaintiffs Nike, Inc. and Converse Inc.*

                                 **Zheqian Liu**
Dated: November 22, 2022    By: _____

                                 **Bing Luo**
Dated: November 22, 2022    By: _____

                                 Approved as to form:

                                 AU LLC
Dated: December 5, 2022     By: _____
                                 Adam E. Urbanczyk

                                 AU LLC
                                 564 W. Randolph St. 2nd Floor
                                 Chicago, IL 60661
                                 Telephone: (312) 715-7312

                                 *Attorney for Defendants Zheqian Liu and Bing Luo*

IT IS SO ORDERED.

DATED this 6th day of Dec., 2022

                            By: _____
                                 SIDNEY H. STEIN
                                 UNITED STATES DISTRICT JUDGE